JOSEPHINE A. HARRINGTON, Respondent, *v.* ROBERT P. HARRINGTON, Appellant.

Argued January 14, 1943; decided March 11, 1943.

*Edward D. Siemer* for appellant.

*John J. McInerney* for respondent.

LEHMAN, Ch. J. The parties were married in 1929. A son was born to them in 1932. They have lived apart since 1934 and during that time the infant son remained by agreement of the parties in the care and general custody of the plaintiff and was supported by her, but the defendant was accorded the right to visit the boy at reasonable hours and to have the boy live with him at stipulated times each year. The terms of this agreement were embodied in an order made by the court, adjourning indefinitely the hearings in a proceeding which the defendant had brought to obtain custody of the child.

In 1940 the plaintiff brought this action for separation on the ground of cruel and inhuman treatment and also on the ground of abandonment. The plaintiff did not ask an allowance for her support or the support of the infant child, but did ask that the child be placed in her sole custody. The defendant in his answer pleaded a counterclaim for separation on the ground of desertion. After trial the court filed a decision with findings of fact and conclusions of law in favor of the defendant. The court found among other things:

"Fourth: That during the early part of February, 1934, the plaintiff taking said child with her, left the family domicile then maintained by the defendant on Shoshone Drive in the City of Buffalo, N. Y., and that the plaintiff did not return to the family domicile maintained by the defendant on said Shoshone Drive in the City of Buffalo, N. Y., nor did she offer to return thereto, but wrongfully and without just cause abandoned and deserted the defendant and has been continuously absent from the defendant, his bed and board and the family domicile, and has persistently refused to perform her marital duties to the defendant since said early part of February, 1934, or to permit the said child to return to the family domicile and live with the defendant, all without the consent of the defendant.

"Fifth: * * * that the best interest and advantage of said Robert P. Harrington, Jr., will be served by the directions for his custody contained in the third and fourth conclusions of law which follow; * * *."

The third and fourth conclusions of law contained directions that the defendant is entitled to the care, custody and control of the infant child during the school year and that the plaintiff is entitled to the care, custody and control of the child during each summer vacation and during alternate Christmas and Easter vacations and that each parent should have the right to visit the child at all reasonable times while the infant is in the care, custody and control of the other parent.

The plaintiff appealed to the Appellate Division from the judgment entered upon the decision of the trial court. The Appellate Division reversed the findings of fact numbered "Fifth" and also some other findings which are evidentiary in character and not very important in the consideration of the problems presented upon this appeal. It also reversed conclusions of law numbered "Third" and "Fourth." The Appellate Division made one new finding of fact. "That the best interest and advantage of Robert P. Harrington, Jr., will be served by placing him in the care, custody and control of the plaintiff, Josephine A. Harrington, for nurture and education." The judgment was modified to the extent "that the plaintiff, Josephine A. Harrington, have the care, custody and control of Robert P. Harrington, Jr., an infant, the issue of said

marriage, with leave to apply to the Special Term for an order for maintenance of said infant," and as modified the judgment was affirmed. The defendant has appealed to this court from the order of the Appellate Division in so far as it modifies the judgment.

The new finding of the Appellate Division, like the contrary finding and conclusions of the court at Special Term, is a mixed finding of fact and conclusion of law. We may upon this appeal review the new finding of the Appellate Division and we may determine whether the weight of evidence lies with the finding of the Appellate Division or the contrary finding of the court at Special Term. No other question is presented upon this appeal. Unreversed findings of fact supported by substantial evidence are now conclusive. Thus, in balancing the opposing findings that the best interests and advantage of the infant will be served by the directions given by the court at Special Term or by the directions given by the Appellate Division, we may not disregard the weight of the unreversed finding that the plaintiff has " wrongfully and without just cause abandoned and deserted the defendant " and has " persistently refused to perform her marital duties to the defendant " and has refused " to permit the said child to return to the family domicile and live with the defendant."

The children of a broken marriage are not responsible for the breach, yet suffer through it. The court must then provide for the care, custody and control of the children, in the conditions which exist, as wisely as it can. Apportionment between the parents of the blame for the broken marriage may not be the decisive factor in the determination. (*People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317). Nonetheless, the past conduct of the parents, the unwillingness of one or both to carry out their marital obligations are factors which may not be disregarded in determining which parent will provide the better home. Here the father can give companionship and paternal guidance which might be of advantage to his son, but on the other hand the child has lived with the mother since its birth; and she has lavished affection upon him and the trier of the facts might find that in her home the child will have the care of a loving, though perhaps unwise, mother and has had material advantages which the father cannot offer. The trial judge,

seeing and hearing the parties and talking to the child, has after careful consideration provided for his custody in manner he thought wise and in the child's best interest. The Appellate Division has placed the child in the sole care, custody and control of this plaintiff though she has refused to perform her marital duties; and the court has deprived the father, who is not at fault, even of the rights, which he previously enjoyed by agreement, to visit his son at reasonable hours and to have the son live with him at specified times. That finding awarding the exclusive custody to the mother is, we hold, against the great weight of the evidence and must be reversed.

It does not conclusively follow from reversal of the new finding of the Appellate Division that opposing findings of the trial court which the Appellate Division has reversed must be reinstated. The determination of the proper custody of the child involves the wise exercise of discretion. There are many details which must be determined in the exercise of that discretion. The Appellate Division has the power to review the discretion exercised by the trial court and if dissatisfied in whole or in part with the determination of the trial court it may reverse and either remit the case to the trial court for further consideration or it may itself in the exercise of plenary discretion vested in it determine in detail the provisions for the custody of the child which it deems wise.

We have, as we have said, the right to review the new finding and to reverse it if, in our opinion, it is not supported by the weight of the evidence. We have no power in any other respect to pass upon questions of fact. Ordinarily where the Appellate Division reverses a finding of fact and then makes a contrary finding, a reversal by this court of the new finding of fact of the Appellate Division logically requires the reinstatement of the contrary finding of fact by Special Term. That is true in all cases where the only choice reasonably open to a trier of the facts lies between the finding of the trial court and the finding of the Appellate Division.

Here a much wider choice was open to the trier of the facts, and either the trial court, or the Appellate Division in the exercise of discretionary power vested in the Supreme Court might have made provisions for the care, custody and control

of the infant child different from the provisions deemed wisest by either the trial court or the Appellate Division. Though in our opinion the new finding of the Appellate Division is against the weight of evidence it does not necessarily follow that the finding of the trial court in its present form is wise. The Appellate Division has determined that the trial court did not exercise its discretion wisely. We conclude that though the new finding is not in accord with the weight of evidence, since a wide room for exercise of discretion still exists and the Appellate Division in addition to making the new finding of fact, has determined that the exercise of discretion by the trial court was not wise, a new trial must be ordered at Special Term to consider again the wisest provision for the care, custody and control of the infant child. It may if so advised take new evidence on that.

The judgment of the Appellate Division and that of the Special Term in so far as appealed from should be reversed and a new trial granted in accordance with this opinion.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.