Per Curiam.
In the decision of the Trial Justice granting the application for an amendment of the judgment, he indicates that in awarding, in the interlocutory decree, the custody, at the child’s birth, of the then unborn child to the father, he relied upon the testimony of the plaintiff that the defendant did not desire the custody of the child because she intended to return, as soon as the child was born, to Ireland. When on this application by the mother, the child having been born, to amend the judgment, he credited the statements contained in her affidavit and disbelieved those made by plaintiff in his affidavit, which he clearly did, he certainly then found that there was a material change in the situation from that which he believed existed at the time he made the original judgment. He evidently concluded that, while the mother may have been willing to have the child remain in the custody of the father, she was wholly unwilling to surrender its custody in view of the father’s statements to her that he intended to consent to the child’s immediate adoption, not by some' members of his own family, but by strangers. Moreover, the interest of the child is always paramount on a motion of this kind. It goes almost without question that the custody of this child, who, at the time of this application, was but a few weeks old, should be awarded to the mother, at least for the limited period provided by the order. Although normally applications for modification as to custody of children should not be determined on affidavits but only after a full hearing on common-law proof, we conclude that the practice followed on this motion was not prejudicial to any right of this plaintiff.. There were no complicated issues of fact presented here. No request was made for a .hearing. Evidently both parties were content to submit the application for determination by the court on the papers presented. Nor do we believe that the language of section 1140 of the Civil Practice Act, as it has read since its amendment in 1940 (L. 1940, ch. 226), authorizing the court to make such provision “ as justice requires ” for the maintenance of any child of a marriage out of the property of *584 either or both of its parents, precluded the court from directing the maintenance of this child by the father because the marriage was annulled for the mother’s fraud in inducing it. This amendment was adopted on the recommendation of the Law Revision' Commission in order to bring section 1140 in harmony with section 1170 of the Civil Practice Act. Section 1170, authorizing the court to make provision for any child of the marriage, has long contained the same words “ as justice requires ”. While it is true that the past conduct of the parents are factors which may not be disregarded in determining which parent will provide the better home (Harrington v. Harrington, 290 N. Y. 126, 130), still we do not believe that, because this mother has been adjudged chargeable with fraud in inducing this marriage, the court which granted the decree would be precluded from awarding the custody of this baby just born, to its mother, and directing the father to provide for the child’s support.
All concur. Present — Habéis, McCitrn, Larkin and Love, JJ.
Order affirmed, with $10 costs and disbursements.