Louis A. BUNIM, Appellant, *v.* ETHEL BUNIM, Respondent.

Argued January 3, 1949; decided January 13, 1949.

*Lloyd Paul Stryker, Harold W. Wolfram* and *Jacob B. Aginskee* for appellant. I. The trial court found as a fact that " the plaintiff is a fit and proper person to have custody of the issue of the marriage." There was no finding that defendant was a fit and proper person to have custody of these children, and it is significant that defendant submitted no request for the court to find that she was. II. Defendant's conduct and code prove that she is an unworthy and unfit guardian of her daughters. (*People ex rel. Wright* v. *Gerow,* 136 App. Div. 824; *Lester* v. *Lester,* 178 App. Div. 205, 222 N. Y. 546; *Van Kleef* v. *Van Kleef,* 183 Misc. 513, 269 App. Div. 728; *People ex rel. Lawson* v. *Lawson,* 111 App. Div. 473; *People ex rel. Geismar* v. *Geismar,* 184 Misc. 897.) III. It is only where both parties are equally morally blameless that a court will give any weight to the desires of the children. (*Israel* v. *Israel,* 38 Misc. 335; *People ex rel. Glendening* v. *Glendening,* 259 App. Div. 384, 284 N. Y. 598.) IV. The court below erred in failing to distinguish between a child's pleasure and a child's welfare. At the time of the trial, the responsibility of school work and the other common social obligations were encountered in the father's home, while week-ends with the mother represented a pleasant release and undoubtedly dictated the preference which these children expressed for the custody of the mother. (*Matter of McLaurin,* N. Y. L. J., Sept. 15, 1948, p. 449, col. 3.)

*James D. C. Murray* and *Irving Greenberg* for respondent. I. The determination of the question of the custody of minor children in an action for divorce rests wholly within the discretion of the trial court and the affirmance thereof by the Appellate Division is not reviewable by the Court of Appeals. (*Harrington* v. *Harrington,* 290 N. Y. 126; *Osterhoudt* v. *Osterhoudt,* 168 N. Y. 358; *National Bank of Deposit* v. *Rogers,* 166 N. Y. 380; *People ex rel. Sternberger* v. *Sternberger,* 153 N. Y. 684; *Matter of Welch,* 74 N. Y. 299.) II. The finding that the interests and welfare of the children will be best served by awarding the custody to the defendant is supported by overwhelming evidence. (*Van Kleef* v. *Van Kleef,* 269 App. Div. 728; *People ex rel. Geismar* v. *Geismar,* 184 Misc. 897; *Kruczek* v. *Kruczek,* 29 N. Y. S. 2d 385, 264 App. Div. 242, 289 N. Y. 826; *Burns* v. *Burns,* 264 App. Div. 894; *Rizzo* v. *Rizzo,* 246 App. Div. 838; *Israel* v.

*Israel,* 38 Misc. 335; *Ullman* v. *Ullman,* 151 App. Div. 419.) III. The children have testified in a way as to leave no doubt that they want to live with their mother. These children are of suitable age and understanding to make a choice as to the parent with whom they wish to live and such choice should be given great weight. (*Matter of Jiranek,* 269 App. Div. 709.)

DESMOND, J. On the trial of this divorce suit the wife admitted numerous deliberate adulteries (with a man who was married and had children), attempted to rationalize and justify those adulteries, denied any repentance therefor, committed perjury in swearing to denials in her answer (see Civ. Prac. Act, § 1148), and, as found by both courts below, testified to a deliberately false story as to consent by plaintiff (a reputable and successful physician) to the adulteries. With all that in the record, custody of the two children of the marriage (eleven and thirteen years old at the time of the trial) has been, nonetheless, awarded to defendant.

There is an affirmed finding below that the husband is a fit and proper person to have such custody, and no such finding as to the wife, but a finding that " the interests and welfare of the children, the issue of said marriage, will be best served by awarding the custody to the defendant." We see in this record no conceivable basis for that latter finding, unless it be the testimony of the two daughters that, though they love their father, they prefer to live with their mother. Unless that attitude of these adolescent girls be controlling as against every other fact and consideration (see, contra, *People ex rel. Glendening* v. *Glendening,* 259 App. Div. 384, affd. 284 N. Y. 598), this judgment, insofar as it deals with custody, is unsupported and unsupportable.

Of course, custody of children is ordinarily a matter of discretion for Special Term and the Appellate Division (see *Matter of Welch,* 74 N. Y. 299; *Kruczek* v. *Kruczek,* 264 App. Div. 242, affd. 289 N. Y. 826; *Harrington* v. *Harrington,* 290 N. Y. 126, 130). But that discretion is a judicial discretion, not an uncontrolled one, and its exercise must have sound and substantial basis in the testimony. Therefore, there can be no valid exercise of discretion in a judicial direction which is opposed to everything presented to the court. We hold that there was here such

abuse of discretion as to be error of law, with consequent juris-
diction to review,. and duty to reverse, in this court.

No decision by any court can restore this broken home or give
these children what they need and have a right to — the care and
protection of two dutiful parents. No court welcomes such prob-
lems, or feels at ease in deciding them. But a decision there
must be, and it cannot be one repugnant to all normal concepts
of sex, family and marriage. The State of New York has old,
strong policies on those subjects, strongly stated by the Legis-
lature (see, for instance, Penal Law, § 100; Civ. Prac. Act,
§§ 1147, 1161, 1170; Domestic Relations Law, § 8). Our whole
society is based on the absolutely fundamental proposition that:
" Marriage, as creating the most important relation in life,"
has " more to do with the morals and civilization of a people
than any other institution " (*Maynard* v. *Hill*, 125 U. S. 190,
205). Defendant here, in open court, has stated her considered
belief in the propriety of indulgence, by a dissatisfied wife such
as herself, in extramarital sex experimentation. It cannot be
that " the best interests and welfare " of those impressionable
teen-age girls will be " best served " by awarding their custody
to one who proclaims, and lives by, such extraordinary ideas of
right conduct.

The judgment should be modified by striking .therefrom the
provisions thereof dealing with custody and support, and the
matter remitted to Special Term for further proceedings not
inconsistent with this opinion.

FULD, J. (dissenting). This case involves a problem as per-
plexing as any in the field of human relationships, and, while a
different result could, of course, have been reached below, I hesi-
tate to stamp as an abuse the discretion exercised by the Special
Term judge, and affirmed by four justices of the Appellate
Division, only after the most painstaking and conscientious
consideration.

Especially in a case such as this, the judge who sees and hears
the witnesses, who is face to face with the children and the
parents, is in a far better position to make a decision calling for
the exercise of discretion than is the appellate judge whose only
source of guidance is the cold print, the lifeless pages, of the
record. No one can disagree with the statement of high principle

in the opinion for reversal, but, on the other hand, no one can dispute that " The factors that made his [the Special Term judge's] duty clear to him can at this distance be seen by us only, as it were, through a glass darkly." (*People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317, 322.)

The primary and paramount concern of the trial judge was the welfare and happiness of the children. Would it better serve their interests and their well-being to place them with their mother or with their father? Bearing directly on that issue was evidence that the father was inordinately preoccupied with his professional duties; that, as a result, he gave little of his time or of himself to the children; and that not infrequently he treated them brusquely, impatiently and even intemperately. Likewise pertinent was proof that the wife was ever a good and devoted mother; that her indiscretions were unknown to the children; that she was deeply devoted to the children and truly concerned with their welfare; and that, for their part, the children returned her affection with an attachment that was, in the language of the trial court, " almost Biblical " in its intensity.

With such evidence — and there was more of like import — in the record, the decision at Special Term and the judgment of the Appellate Division awarding custody to the mother cannot be said to be completely beyond the pale of permissible discretion.

I would affirm the judgment. [See 298 N. Y. 923.]

LOUGHRAN, Ch. J., LEWIS and CONWAY, JJ., concur with DESMOND, J.; FULD, J., dissents in opinion in which DYE, J., concurs.
Judgment accordingly.