"Cora" Collins, Petitioner, v. "Richard" Collins, Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, May 23, 1949.

* Names of parties are fictitious for the purposes of publication.

No appearances.

I. MONTEFIORE LEVY, J. This case illustrates many similar unfortunate situations in this court. The wife has two children, one 8, the other 10 years of age. Her husband has not supported her and the two children for over two years. She worked and maintained herself and the two children without assistance. For this she is to be highly commended. She admits now, in open court, however, living in adulterous relation with another man by whom she has a child eight months old. Because of this child she claims she cannot now work and applied for and is receiving $121 monthly relief from the city of New York. Thus it is the welfare department supports the two children of the marriage and the third child. The welfare department presses this proceeding for the husband to support the two children. His whereabouts was alleged to be unknown. However, when a warrant was issued for his arrest he suddenly appeared.

The wife admits her adultery. Just what can society do to avoid such conditions?

Adultery is a crime. (See Penal Law, § 100.)

The court does not know of a conviction under that statute. It is a difficult charge to prove but where the evidence is present, it might be salutary for the District Attorney to prosecute for adultery not by way of punishment of a sorely tempted woman, but to serve notice on much of the population of New York City, that they cannot with impunity enter into adulterous relations, beget a child, and then throw the consequence of that upon the city.

In *Bunim* v. *Bunim* (298 N. Y. 391) the New York Court of Appeals in January, 1949, in a sharp decision held a woman guilty of adultery is morally unfit to have the custody of a child, though ordinarily custody of children is a matter of discretion. (*Harrington* v. *Harrington*, 290 N. Y. 126.)

Our whole society is based on the absolutely fundamental proposition that: "Marriage, as creating the most important relation in life," has "more to do with the morals and civiliza-

tion of a people than any other institution." (*Maynard* v. *Hill,* 125 U. S. 190.)

The best interests and welfare of impressionable teen-age girls will not be best served by awarding their custody to the wife who believes in extramarital sex experimentation. " The testimony of the two daughters that, though they love their father, they prefer to live with their mother " is not controlling. (*Bunim* v. *Bunim,* supra.)

The looseness of the marriage relation exists principally in a segment of the population whose moral code does not follow the accepted pattern. The Welfare Department, however, applies the same rules of support to them that it does to all of our city's population.

Respondent is ordered to pay upon a means basis $60 monthly for the support of his two children. The first payment to be made July 5, 1949. The respondent has no responsibility for the third child born out of wedlock — poor child. Respondent paroled.

A copy of this opinion is to be sent to the Hon. Frank S. Hogan, District Attorney, and the Hon. Raymond M. Hilliard, Commissioner of Welfare.