ANGELINE CANEPA, as Guardian ad Litem for JOHN CANEPA, JR., an Infant, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 29875.)

JOHN CANEPA, SR., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 29866.)

JOSEPH I. GORIN, as Limited Administrator of the Estate of NELSON M. GORIN, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30116.)

Argued November 17, 1953; decided January 22, 1954.

*Arthur VD. Chamberlain* for Angeline Canepa and another, appellants. I. Findings of fact not specifically disapproved or reversed by the Appellate Division are presumed to have been affirmed and are conclusive in the Court of Appeals. (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374.) II. The Appellate Division erred in reversing the findings of the trial court to the effect that Gerald Cramer, the driver, was not guilty of contributory negligence and in making a new finding to the effect that he was guilty of the only negligence which was the proximate cause of the accident. III. The finding made by the Appellate Division that the State of New York was not guilty

of any negligence which caused or contributed to the accident finds no support in the record. (*Quality Motors of Rochester* v. [*American*] *Lumbermen's Mut. Cas. Co.*, 256 App. Div. 892, 280 N. Y. 771; *Chamberlain* v. *Feldman*, 300 N. Y. 135; *Ziehm* v. *State of New York*, 270 App. Div. 876; *LeBoeuf* v. *State of New York*, 169 Misc. 372, 256 App. Div. 798; *Garrette* v. *State of New York*, 197 Misc. 842; *Juliano* v. *State of New York*, 190 Misc. 180; *Doulin* v. *State of New York*, 277 N. Y. 558; *Barna* v. *State of New York*, 267 App. Div. 261, 293 N. Y. 877; *Dawley* v. *State of New York*, 186 Misc. 571; *Trimble* v. *State of New York*, 263 App. Div. 233; *Laitenberger* v. *State of New York*, 190 Misc. 633, 273 App. Div. 942; *Neddo* v. *State of New York*, 194 Misc. 379, 275 App. Div. 492; *Van de Walker* v. *State of New York*, 278 N. Y. 454; *Torrey* v. *State of New York*, 266 App. Div. 900; *Foley* v. *State of New York*, 177 Misc. 443, 265 App. Div. 682; *Croniser* v. *State of New York*, 195 Misc. 576; *Stern* v. *International Ry. Co.*, 220 N. Y. 284; *Thompson* v. *State of New York*, 154 Misc. 707; *Gastel* v. *City of New York*, 194 N. Y. 15; *Foley* v. *State of New York*, 279 App. Div. 954.)

*Seymour Bernstein* for Joseph I. Gorin, appellant. I. The Appellate Division erred in reversing the judgment in favor of claimant-appellant. (*Ziehm* v. *State of New York*, 270 App. Div. 876; *LeBoeuf* v. *State of New York*, 169 Misc. 372, 256 App. Div. 798; *Garrette* v. *State of New York*, 197 Misc. 842; *Juliano* v. *State of New York*, 190 Misc. 180; *Doulin* v. *State of New York*, 277 N. Y. 558.) II. The Appellate Division erred in making a new finding to the effect that the sole cause of this accident was the negligence of Gerald Cramer.

*Nathaniel L. Goldstein, Attorney-General* (*Henry S. Manley* and *Wendell P. Brown* of counsel), for respondent. I. The curve was adequately signed and anyway the alleged inadequacy did not affect Cramer. (*Piragnoli* v. *State of New York*, 280 App. Div. 849, 305 N. Y. 586; *Quality Motors of Rochester* v. [*American*] *Lumbermen's Mut. Cas. Co.*, 280 N. Y. 771.) II. The automobile was driven negligently. III. Negligence, whether of Canepa, Jr., or Cramer, defeats both Canepa claims. (*Mills* v. *Gabriel*, 259 App. Div. 60, 284 N. Y. 755; *Buckin* v. *Long Is. R. R. Co.*, 286 N. Y. 146; *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14; *Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *McCrossen* v. *Moorhead*, 205 App. Div. 497, 236

N. Y. 644; *People* v. *Gillette,* 172 Misc. 847; *People* v. *Gray,* 191 Misc. 541; *Ferris* v. *Sterling,* 214 N. Y. 249; *Bennrona Corp.* v. *Mulroney,* 254 App. Div. 630; *Juliano* v. *State of New York,* 190 Misc. 180, 273 App. Div. 936; *Gochee* v. *Wagner,* 257 N. Y. 344.) IV. If the decision of the Appellate Division is reversed the judgments of the Court of Claims should not be reinstated. Certain errors require new trial. (*Flansburg* v. *Town of Elbridge,* 205 N. Y. 423; *Heimer* v. *Stento,* 270 App. Div. 665; *Wesley* v. *State of New York,* 272 App. Div. 990; *Psota* v. *Long Is. R. R. Co.,* 246 N. Y. 388.)

Lewis, Ch. J. These three claims against the State arise from an automobile accident which occurred on Route 96 at a point in Ontario County near Manchester, where that highway crossed the right of way of the Lehigh Valley Railroad by means of an overgrade bridge. It was stipulated that Route 96 is maintained by the State under its patrol system.

Claimants alleged, and the Court of Claims found, that the accident was not due to contributory negligence but was caused by the State's negligence in failing to maintain Route 96 at the site of the accident in a condition reasonably safe for vehicular traffic.

At the Appellate Division the judgment entered on each claim was reversed on the law and facts and each claim was dismissed; findings by the Court of Claims that the driver of the car involved in the accident was not guilty of contributory negligence, and that the failure of the State to provide proper warning was the proximate cause of the accident, were disapproved and reversed, and the following new findings of fact were made: 1.— That the State was not guilty of negligence which caused or contributed to the accident. 2.— That the negligence of the driver was the sole proximate cause of the accident.

The order of the Appellate Division in each claim, aside from reversing the two Court of Claims findings mentioned above, made no reference to other findings by the Court of Claims. In the present case, although findings of fact by the Court of Claims, which stand unreversed by the Appellate Division and are supported by substantial evidence, are conclusive upon us, we have the right to review the new findings by the Appellate Division and reverse them if, in our opinion, they are not sup-

ported by the weight of evidence. We have no power in any other respect to pass upon questions of fact. (*Harrington* v. *Harrington,* 290 N. Y. 126, 130, 131.)

The accident occurred at about one o'clock in the morning of April 22, 1949, when a Ford car owned by the claimant John Canepa, Sr.,— then being driven by Gerald Cramer —in which the claimant John Canepa, Jr., the decedent Nelson Gorin and another were passengers, was proceeding easterly along Route 96 approaching the village of Manchester. As liability in this case depends upon whether the State's maintenance of Route 96 at and near the site of the accident had made that highway reasonably safe for vehicular traffic (*Doulin* v. *State of New York,* 277 N. Y. 558), we may gain from the unreversed findings by the Court of Claims facts descriptive of the physical conditions — the alignment and grade of the highway and the traffic signs — existing at the place where and the time when the accident occurred. From those unreversed findings, supported by substantial evidence, it appears that Route 96 — a macadamized highway twenty feet in width — is straight and practically level for a distance of several miles west of the bridge whereby the highway is carried over the Lehigh Valley Railroad right of way which lies north of and parallel to the roadway. At a point two hundred feet west of the bridge structure the width of the highway is increased to about thirty feet for a distance of approximately one hundred and thirty-eight feet, beyond which — to the east — the roadway narrows gradually until it enters the bridge which affords a roadway width of only twenty feet. Within that same two hundred feet immediately west of the bridge, the highway ascends at a grade of 4% to reach the level of the bridge floor and within that same distance the highway curves first to the right or south through an angle of about six degrees and then to the left or north through a total angle of about eighty degrees which ends at the southerly entrance to the railroad overpass.

To warn drivers of east-bound vehicles approaching the upgrade curves mentioned above, the State had erected two ordinary reflectorized " Slow " signs, one about two hundred thirty feet west and one about one hundred fifty feet east of the beginning of the first curve. Although there was evidence that a third sign had been erected further west of the

first curve, the Court of Claims regarded that evidence as "inconclusive" and stated "  *   *   *   we are unconvinced as to the existence or location of such a sign." (203 Misc. 694, 697.) There were no signs warning that a railroad bridge would be encountered at the far end of the second and more abrupt of those curves.

As the car involved in the accident approached that location where the conditions described above prevailed, the road surface was dry, visibility was good and the car was being operated with its headlights at high beam. Although there is no testimony that the speed of the car at that time and place was excessive, it failed to pass safely around the second or more easterly of the two curves and ran into the right guardrail at a point on the outside of that curve near the south entrance to the railroad overpass, causing the death, the bodily injuries and the property damage which befell the claimants.

We think the weight of evidence is opposed to the findings by the Appellate Division: (1) That the State was not guilty of negligence which caused or contributed to the accident, and (2) that the negligence of the driver of the car was the sole proximate cause of the accident. On the contrary we conclude, as did the Court of Claims, that the weight of evidence established negligence by the State in failing — by signs adequate in number and placement, and appropriate in design — to give a timely warning to the driver of the ill-fated car that he was approaching a segment of Route 96 where lurked uncommon danger. Such we believe was the State's duty in the circumstances disclosed by this record. (*Doulin* v. *State of New York,* 277 N. Y. 558, *supra; Van de Walker* v. *State of New York,* 278 N. Y. 454; *Barna* v. *State of New York,* 267 App. Div. 261, affd. 293 N. Y. 877; *Le Boeuf* v. *State of New York,* 169 Misc. 372, affd. 256 App. Div. 798, affd. 281 N. Y. 737, and *Ziehm* v. *State of New York,* 270 App. Div. 876.) Such breach of duty is made actionable by the State's waiver of immunity from liability by section 8 of the Court of Claims Act. (*Jackson* v. *State of New York,* 261 N. Y. 134, 137–138; *Foley* v. *State of New York,* 294 N. Y. 275, 279–280.)

Accordingly, the judgments entered upon the orders of the Appellate Division should be reversed, and the judgments of the Court of Claims affirmed, with costs in this court and in the **Appellate Division.**

CONWAY, FROESSEL and VAN VOORHIS, JJ., concur with LEWIS, Ch. J.; DESMOND, DYE and FULD, JJ., dissent and vote to affirm on the ground that there is in this record no proof of any actionable negligence of the State of New York.

Judgment accordingly.