In the Matter of the CITY OF NEW YORK, Acting on Behalf of the New York City Housing Authority, Appellant-Respondent, Relative to Acquiring Title to Real Property Bounded by Seward Avenue and Other Streets in the Borough of The Bronx, Selected as a Site for SOUND VIEW HOUSES. A. F. & G. REALTY CORP. et al., Respondents-Appellants.

Submitted May 17, 1954; decided June 3, 1954.

*Eugene J. Morris, Robert I. Weissmann* and *Bernard L. Bermant* for motions.

*Adrian P. Burke, Corporation Counsel (Harry E. O'Donnell, Benjamin Offner* and *Milton H. Harris* of counsel), opposed.

*Per Curiam.* In this proceeding the City of New York has condemned fourteen parcels Nos. 1, 2, 4, 7, 9, 11, 23, 24, 25, 31, 34, 35, 37 and 39 owned by two corporations, movants here. Ten separate awards were made. With respect to six of those awards covering parcels Nos. 7, 23, 24, 25, 31, 34, 35, 37 and 39, the Appellate Division has affirmed. With respect to four of those awards, covering parcels Nos. 1, 2, 4, 9 and 11 the Appellate Division has reduced the awards.

The city has served a single notice of appeal as of right from the whole of the order of the Appellate Division.

The motions to dismiss the appeal are made upon two grounds:

(1) that no appeal lies as of right from the order of the Appellate Division insofar as it affirmed the awards of Special Term since a condemnation proceeding, involving more than one parcel, is considered to be, for purposes of appeal, a separate proceeding as to each damage parcel, and,

(2) that no appeal lies as of right from the order of the Appellate Division insofar as it reduced the awards of Special Term for the reason that by such appeal the city does not seek a review of questions of law but seeks to have us further reduce the amount of the awards, by making new findings of fact with respect thereto, which is beyond the power of this court to do.

As to (1): The appeal of the city must be dismissed (see *Matter of City of New York* [*Harlem Riv. Drive*], 304 N. Y. 785; *Matter of City of New York* [*Whitestone Bridge Approach*], 293 N. Y. 684).

As to (2): The city, relying upon *Matter of Flagler* (248 N. Y. 415) and *Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.* (245 N. Y. 1), urges that it seeks the opportunity of persuading us to reduce the award even below the reduced amount fixed by the Appellate Division. That it may not succeed in accomplishing, for, beyond the extent of such reduction, the Appellate Division affirmed the finding of value made by Special Term, and that finding is immune from further review if supported by substantial evidence. (See *Harrington* v. *Harrington*, 290 N. Y. 126; *People ex rel. MacCracken* v. *Miller*,

291 N. Y. 55, 61.) However, the limited scope of review thus available in this court furnishes no basis or ground for dismissing the appeal. (See *Loyd* v. *Third Ave. Rys. Co.*, 289 N. Y. 636; see, Cohen and Karger, Powers of the New York Court of Appeals, p. 622.) Accordingly, claimants' motions to dismiss the city's appeal insofar as it relates to those parcels as to which the Appellate Division has modified the decree of Special Term, should be denied.

The motion by A. F. & G. Realty Corp. to dismiss the appeal of the City of New York, insofar as it relates to damage parcels Nos. 1, 2, 4, 23, 24, 25 and 31, should be granted as to parcels Nos. 23, 24, 25 and 31; otherwise the motion should be denied.

The motion by Classon Point Estates, Inc., to dismiss the appeal of the City of New York, insofar as it relates to damage parcels Nos. 7, 9, 11, 34, 35, 37 and 39, should be granted as to parcels Nos. 7, 34, 35, 37 and 39; otherwise the motion should be denied.