THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEAN McA. C. KESSLER, Appellant, against JOHN G. COTTER, Respondent.

Fourth Department, January 5, 1955.

*William B. Mahoney* and *John B. Corcoran* for appellant.

*William J. Driscoll* for respondent.

*Per Curiam.* In this habeas corpus proceeding, pursuant to article 77 of the Civil Practice Act, the contest was between the father and the mother for the custody of the child. The parties had previously been divorced and the mother had remarried. The order of the Special Term awarded the custody not to either parent but to a third person, an aunt of the child. There is no finding that the mother was an improper and unfit person or that she had abandoned her right to the care and custody of her child. On the other hand, there is no specific finding to that effect in respect to the father. The court did find that in the home of the father the occupants were all male and by reason thereof, the little girl would not receive proper care therein. It appears that after the conclusion of the hearing, the court interviewed the child, the maternal grandmother and the aunt to whom custody was **awarded**, apparently without the

knowledge and consent of the parties to the proceeding. It is evident that the court's decision was based more upon these interviews than upon the evidence taken in court. The discretion of the court in these matters is a judicial discretion " and its exercise must have sound and substantial basis in the testimony." (*Bunim* v. *Bunim,* 298 N. Y. 391, 393.)

This proceeding involved no one other than the parents of the child. The custody of the child has been taken from both parents without legal basis. " The mother or father has a right to the care and custody of a child, superior to that of all others, unless he or she has abandoned that right or is proved unfit to assume the duties and privileges of parenthood." (*People ex rel. Kropp* v. *Shepsky,* 305 N. Y. 465, 468.) As between fit and proper parents who have not abandoned the right to custody, " the courts must make the best available choice." (*People ex rel. Portnoy* v. *Strasser,* 303 N. Y. 539, 542.) There is no evidence here to sustain the order granting custody to a third person. While this court may either make the determination or remit the case for further consideration (*Harrington* v. *Harrington,* 290 N. Y. 126, 131), we think the latter course advisable. An opportunity will then be afforded the parties to present and the court to consider all relevant facts which may be helpful and if the court finds that both parents are fit and proper persons, it may make a choice between them in the best interests of the child. Following the practice employed in *Bunim* v. *Bunim* (298 N. Y. 391, *supra*), the order should be reversed and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.

All concur, except PIPER, J., who concurs as to reversal but votes to grant the writ.

Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law and matter remitted to the Special Term for further proceedings not inconsistent with the opinion, without costs of this appeal to either party.