Richard S. Heller, J.
On June 24, 1958, claimant Morand was operating a 1958 Ford automobile in a general southerly direction on Route 15, a State highway in the Town of Wayland, Steuben County, New York. Claimant Gurecki was a passenger in the vehicle.
The car driven by Morand proceeded up a hill and about 20 feet beyond the crest it collided with a truck and an attached road-sweeper owned by the State and used in the maintenance and operation of the State highways.
Both claimants contend that the operation of the sweeper caused a sudden cloud of dust which prevented the driver, Morand, from seeing the road-sweeper in the highway and that he ran into the vehicle and the resulting damages were sustained.
Morand, in driving up the hill, had observed small clouds of dust but took no further driving precautions until the collision. Under all the facts presented claimant Morand was guilty of negligence contributing to the accident and his claim is dismissed.
The road-sweeper was used just prior to the resurfacing of roads and its sole purpose was to clear the macadam part of *528 the road. If a portion of the sweeper extended onto the shoulder a much greater quantity of dust would be raised and under circumstances similar to the present case the operation could present a hazard to the traveling public. To eliminate the hazard would require more than the skillful operation of the sweeper. A warning of the potential danger should have been displayed.
At the bottom of the hill and about one-half mile north of the accident, the State had placed a 6 by 8 inch warning flag. No further identification of its meaning was given. The court finds that such warning was inadequate to alert the traveling-public of the danger ahead and that the failure to warn constitutes negligence on the part of the State. (Canepa v. State of New York, 306 N. Y. 272.)
The court finds claimant Martin Gurecki free from any negligence contributing to the accident and the court rejects the theory advanced by the State that Gurecki was a joint venturer with Morand and that as such the negligence of Morand was imputed to the joint venturer.
Mr. Gurecki had medical expenses of $343. He was totally disabled for four weeks and partially disabled for an additional six weeks. His injuries consisted of a fractured rib, a severe nose injury and other injuries to the left shoulder, right knee and leg. All of these were accompanied by pain.
Claimant Martin Gurecki is entitled to an award against the State in the sum of $4,000 in full for all damages, past, present and future.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.