In the Matter of MILTON A. JOHNSON, Respondent, *v.* BETTY J. JOHNSON, Appellant.

Third Department, June 1, 1964.

*Hackett, Harbachuk, Thomas & Crawford (John Harbachuk* of counsel), for appellant.

*Charles T. Keane, Jr.,* for respondent.

HAMM, J. This appeal is from an order of the Broome County Family Court awarding to the respondent father the custody of two children aged 10 and 7.

The father commenced an action for divorce against the mother in the Supreme Court for Broome County. During the pendency of the action the mother and father entered into a separation agreement in which the father agreed that the mother should have the custody and care of the children. A decree of divorce was granted awarding custody of the children to the mother " subject to the approval and supervision " of the Broome County Family Court and on the same day the Supreme Court, Broome County, ordered that " the application for approval of said agreement for said support and custody is hereby referred to the Family Court of Broome County for further determination." The parties have treated the decree and order as a referral of the question of the custody and support of the children to the judgment of the Family Court and no procedural issue is raised.

The issues came on for hearing before the Family Court. At the time of the hearing the mother was pregnant as a result of an adulterous involvement with a married man on which the

decree of divorce was based. She had been residing in a trailer with an adult full-time baby sitter and she testified that it was her intention after the birth of the illegitimate child to keep the child in the trailer with her two legitimate children. She also said her relationship with the father of the unborn child had terminated.

·An employee of the Probation Department of Broome County made an investigation "at the direction of the Court". This investigation was made without the consent or stipulation of the parties either that it might be made or that it should be kept confidential. In its findings the Family Court stated: "The Court has given careful consideration to the investigation report of the Probation Officer and the evidence taken."

In the course of the trial the probation officer, called as a witness by the husband, narrated over objection hearsay testimony as to her conversations with the children and with the resident baby sitter. In the course of her investigation she had also three conversations with a neighbor of the defendant mother. As to this informant the following colloquy ensued:

"Q. Could you please give the name of that person? A. No, sir.

"Mr. Harbachuk: I think we are entitled to know Your Honor. I don't think this is a confidential matter.

"The Court: I will refuse your request, Counsel. It is an investigation for the Court and of such nature that the confidence of the Probation Officer is entitled to be respected.

"Mr. Harbachuk: Well, Your Honor, I assume that she has in the report which she submitted to the Court certain facts which are based upon her conversation with this person whom she refuses to disclose, and this is a matter of vital importance to my client and I think I am entitled to know who this person is so that I can subpoena this person to come to Court.

"* * *

"The Court: Your request is denied."

We refer first to *Gluckstern* v. *Gluckstern* (2 A D 2d 744; 17 Misc 2d 83, affd. 3 A D 2d 999, affd. 4 N Y 2d 521) because of the reference to that case in *Kesseler* v. *Kesseler* (10 N Y 2d 445, 452 *infra*). In *Gluckstern* it had been suggested that a report of an investigation by a social worker might be helpful and the matter had been remitted for the utilization of such services "as an aid in deciding the custody" (2 A D 2d 744). Accordingly a social worker made a report consisting of a series of interviews with the parties, the children and others and the issues came on to be heard (17 Misc 2d 83). The report had been made and was used without stipulation of the parties. The

extent of the use of the report can best be ascertained from an excerpt from the opinion. Mr. Justice STREIT stated (17 Misc 2d 83, 84): '' It [the report] is only ' an aid ' to the court and cannot become part of the record or form the basis for a decree. (Cf. *People ex rel. Kessler* v. *Cotter,* 285 App. Div. 206; *People ex rel. Handler* v. *Handler,* 282 App. Div. 694.) The social worker is not an officer of the court. It would not be feasible to have her sworn or subjected to cross-examination. Even if this were done, most of her testimony would constitute hearsay, consisting of her version of what others said to her. Although the investigator's reactions and views are entitled to the court's consideration for the purpose of assisting the court in arriving at its determination, the ultimate decision must be made by the court itself, not by the unofficial investigator. Otherwise the court would be abdicating its legal duty as an officer of the State judicial system. The report of the social worker was, however, given careful study and consideration by the court, and its contents formed the basis of questions put by the court to witnesses at the hearings held after the filing of the report.'' If it be inferred that the contents of the report were considered in determining custody we think it of significant import that no issue was raised on appeal as to the manner in which the report was used by the court at Special Term.

In *Kesseler* v. *Kesseler* (10 N Y 2d 445, *supra*), it was held that where the parties stipulated that the report of a family counsellor could be made confidentially to the court on the issue of determination of custody of a child, the court could consider the report in making its decision although the plaintiff's attorneys did not see it but that Special Term was in error in keeping the reports of a phychiatrist and a psychologist confidential and in considering them where the parties had not consented to such consideration. At page 452 it was stated: '' The parties did not have to stipulate that the report of the family counsellor, Mrs. Golomb, should be made to the court. The court could have directed Mrs. Golomb to make an investigation, to be sure, and then could have left her testimony to the parties to deal with under common-law rules in the absence of their consent. Even without their consent the report might have been used to furnish leads for the introduction of common-law evidence as was sanctioned in *Gluckstern* v. *Gluckstern* (*supra*). Nor is there any reason which would prevent the court in the proper exercise of a judical discretion from calling upon qualified and impartial psychiatrists, psychologists or other professional medical personnel, preferably under the auspices of the probation officer or family counselling unit connected with the court, to examine the

infant or to examine the parents also if they will submit to such examination. In such case the psychologists, psychiatrists or other medical personnel could not report to the court in the absence of stipulation by the parties but would be available to be called as witnesses by either party subject to cross-examination by the other party under common-law evidence rules.'' And at page 456 it was further significantly stated: '' If stipulation were not entered into, it [the report of the family counsellor] could not be admitted into evidence or examined by the court without consent of the parties.'' We apprehend that the use of a report '' to furnish leads for the introduction of common-law evidence as was sanctioned in *Gluckstern* v. *Gluckstern* '' is limited to the use of the report as a basis for questions put to the witnesses during the course of the hearing. In other words in our view such reports may properly provide avenues of inquiry but may not form in any degree a basis for the court's decision in the absence of stipulation or consent. The oral testimony of the investigating officer may, of course, be received but in that case it is subject to all common-law rules of evidence.

The conduct of the trial in the instant case was so manifestly prejudicial to the appellant that comment seems unnecessary.

The order appealed from should be reversed and a hearing directed *de novo*.

Gibson, P. J., Reynolds and Aulisi, JJ., concur; Herlihy, J., concurs solely in the result.

Order reversed, on the law and the facts, with costs to appellant, and matter remitted for further proceedings not inconsistent with the opinion herein.