Chief Judge Fuld
(dissenting in part). Although I agree with the majority that the courts below were correct in fixing *628 the award for the land at $2,614,175,1 believe that both Special Term and the Appellate Division erred in fixing the value of the stadium and that there should be a new trial on this aspect of the case.
The court at Special Term fixed the value of the stadium at $1,724,714. It arrived at that amount by taking the claimant’s reproduction cost new '($5,749,000) — as to which there is no dispute — and subtracting therefrom a 70% discount for combined physical, functional and economic depreciation. Analysis of the evidence reveals that that percentage was made up of 48% for physical depreciation — as testified to by the claimant’s witness —11% for functional depreciation and 11% for economic depreciation — as testified to by one of the city’s experts.
There was no warrant or justification for such a technique or procedure. Actually, the city’s witness had testified that the physical depreciation, that is, wear and tear, of the stadium was 75%, and he added that he would further decrease this gravely depreciated value of the structure by subtracting 11% for obsolescence for functional depreciation and another 11% for economic depreciation. In short, then, it was his opinion that the value of the stadium was .only 3% of reproduction cost new (or $172,470) as opposed to Special Term’s 30% (or $1,724,714). Quite obviously, when considered in context, the estimate of economic depreciation given by this expert for the city cannot possibly be regarded as “ substantial evidence ” to support Special Term’s figure of 11%. (See Matter of City of New York [Sound View Houses — A. F. & G. Realty Corp.]. 307 N. Y. 687.)
On the other hand, the Appellate Division was in error in valuing the stadium as though its economic life were co-extensive with the term of the lease between the Coogans and the National Exhibition Company. That court expressly stated that it reduced the economic value of the stadium to $100,000 on the theory that the lease had only eight months to run at the time of the condemnation. The Appellate Division simply added $75,000 for scrap value, resulting in its finding of $175,000. As is manifest, the court arbitrarily dismissed the value which the structure might have had for a use other than as a baseball home of the New York Giants; for instance, the Mets used the stadium quite extensively for two years after the taking and *629 evidence was at hand that the stadium had been used for football, soccer and other activities. The Appellate Division’s failure to give weight to evidence such as this was error as matter of law.
In my view, therefore, the case should be remanded to Special Term to take proof, on the one hand, of the extent of the stadium’s economic depreciation, including a consideration of the consequences of the claimant’s removal of its baseball team to San Francisco and, on the other hand, of the continuing usefulness of the stadium. Accordingly, the order appealed from should be modified to the extent of remanding the case to Special Term for a new trial as to the value of the stadium structure and, as so modified, affirmed.