■ JOHN E. SHEIL, Respondent, v. PATRICIA D. SHEIL, Appellant.— In an action for separation, defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County, entered June 2, 1967, which granted plaintiff a separation after a nonjury trial, as (1) denied her an award for counsel fees and (2) granted custody of the two children of the parties to plaintiff. Judgment modified, on the law and the facts, by deleting from the third decretal paragraph the words " and counsel fees " and by adding a provision directing plaintiff to pay defendant $750 for her counsel fees. As so modified, judgment affirmed insofar as appealed from, without costs. The award of counsel fees shall be paid within 20 days after service of a copy of the order hereon with notice of entry. Generally, children of tender years should be awarded to the mother (*Fischel* v. *Fischel*, 286 App. Div. 842; *Walker* v. *Walker*, 282 App. Div. 671, affd. 307 N. Y. 750; *Thiele* v. *Thiele*, 277 App. Div. 1025; 15 N. Y. Jur., Domestic Relations, § 365; cf. Domestic Relations Law, § 240). The welfare of the child is the primary consideration and although the " mother may have been in fault and the father blameless * * * the age or condition of the child may require a mother's care " (*Ullman* v. *Ullman*, 151 App. Div. 419, 424; also see, *Shuffman* v. *Shuffman*, 9 N Y 2d 843; *Osterhoudt* v. *Osterhoudt*, 168 N. Y. 358; *Begley* v. *Begley*, 13 A D 2d 961, affd. 12 N Y 2d 691; *People ex rel. Pritchett* v. *Pritchett*, 1 A D 2d 1009). In our opinion, as the determination of custody rights involves the exercise of wise judicial discretion, one act of adultery is not a justiciable basis upon which the mother may be denied custody (*Kruczek* v. *Kruczek*, 29 N. Y. S. 2d 385, mod. 264 App. Div. 242, affd. 289 N. Y. 826; *Johnson* v. *Johnson*, 47 Misc 2d 805, affd. 25 A D 2d 672; cf. *Bunim* v. *Bunim*, 298 N. Y. 391). Nonetheless, the past conduct of the parents relative to their marital obligations is a factor which may not be disregarded in determining which parent will provide the better home (*Harrington* v. *Harrington*, 290 N. Y. 126). Aside from the question of defendant's character and fitness, there is no proof of the facilities which she would provide for the care of the children. The record is also silent on the nature of the home she would establish for them. On the other hand, there is no contradiction of plaintiff's testimony as to ·the time he spent with the children, the house where they would continue to live, and the care which would be given them. It is our conclusion that the record justifies the exercise of the court's discretion in awarding custody of the two girls to plaintiff on finding, in effect, that their best

interests would be served thereby. However, Special Term erred in denying defendant counsel fees on the ground that her adultery precluded recovery therefor. In a proper case, a defendant wife who unsuccessfully litigates the issues of adultery and custody may recover counsel fees (*Sherman* v. *Sherman*, 8 A D 2d 703, affd. 7 N Y 2d 1032; *Jones* v. *Jones*, 19 Misc 2d 1047; Domestic Relations Law, § 237; Rothenberg, Matrimonial Allowances in New York [rev. ed.], § 29, subd. H, pp. 163–164). Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.