■    In the Matter of LOUIS NORCIA, Respondent, v. MARVA RICHARD, Appellant.— In this habeas corpus proceeding to procure custody of the parties' child, the natural mother appeals from a judgment of the Supreme Court, Queens County, dated October 31, 1968, which awarded custody of the child to petitioner, the father, and granted visitation rights to appellant. Judgment reversed, on the law and the facts, with costs, writ dismissed, and custody of the infant left with appellant. When she is a proper and suitable person, the mother of an illegitimate child is prima facie entitled to custody (People ex rel. Meredith v. Meredith, 272 App. Div. 79, affd. 297 N. Y. 692). It is the duty of the court to look primarily to the child's welfare and interests when the question of custody is raised (People ex rel. Meredith v. Meredith, supra). "Generally, children of tender years should be awarded to the mother" (Sheil v. Sheil, 29 A D 2d 950; see, also, Ullman v. Ullman, 151 App. Div. 419). In our opinion, there was no substantial basis in the record for Special Term to have awarded custody of the two-year-old infant, an illegitimate child of an interracial conjugation, to respondent (see Bunim v. Bunim, 298 N. Y. 391, 393). The proof failed to sustain the contentions that appellant is not a proper and suitable person to care for the infant and that the welfare of the infant will be better served by residence with respondent and his (respondent's) mother. To sustain these contentions respondent sought to establish a multiple of circumstances to support the conclusion that taking the infant from his present and maternal custody was warranted. The proof submitted by respondent, how-

ever, largely consisted of self-serving statements, unsupported by any other evidence, and was completely rebutted by appellant's denials or explanations. In our view the evidence adduced failed to sustain respondent's allegations that appellant gave little time in caring for the child, that appellant's morals were tainted by her posing for certain pictures and by her writing of a note containing a reference to the use of narcotics and including in its text an improper four-letter word, and that the moral and physical attributes of respondent's home were superior for the infant's welfare, as contrasted to those supplied by appellant who, it was said, submitted the child to dual residence arrangements. In our view, the evidence failed to sustain respondent's contentions and with respect thereto we find that respondent did not establish that appellant took narcotics, consorted with various men in the evenings and gave little attention to the child. There was no proof other than respondent's testimony that narcotics were being distributed at appellant's home in Queens or at her grandmother's apartment in Harlem. Although the undated note written by appellant and found in her handbag lends some support to the view that in the past she may have used "pills" and engaged in an amorous affair, one could not conclude that she is presently taking narcotics or leading an immoral life. Photographs of appellant found at her grandmother's apartment, in our opinion, are not determinative of this issue. The child's so-called dual residence arrangement was necessitated by the fact that both appellant and her mother must earn a living and the only other person who can care for the child during the working day is appellant's grandmother. Under the circumstances adduced, by reason of respondent's failure of proof, there was no warrant for changing the custodial arrangements for the infant and, in effect, excusing respondent from compliance with the outstanding order of the Family Court which had left custody with appellant and required respondent to support the child. We recognize that it would be for the best interests of the child to remain at home with his mother, yet, under the circumstances, we cannot condemn their daily separation. Furthermore, it is undisputed that if the child were awarded to respondent his mother would have to care for the child while he worked. Finally appellant testified she loved the child and offered uncontroverted proof that he received proper care and was in good health. We must conclude that the welfare of such a very young child will be better served by allowing him to remain with his mother, particularly where, as at bar, the learned Trial Justice made no finding that the mother had ever neglected the infant and made no finding that appellant was an unfit custodian. Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.