OPINION OF THE COURT
Richard D. Rosenbloom, J.
In this proceeding, petitioner was awarded custody of the parties’ two young children and was directed to pay $6,000 to apply towards respondent’s counsel fees and disbursements. Following a period of visitation in August, 1979, respondent failed to return the children to petitioner and has not done so to date.
This is a motion by petitioner, pursuant to CPLR 5015 (subd [a], par 3), to be relieved from the order requiring him to pay counsel fees on the grounds of "fraud, misrepresentation or other misconduct of an adverse party”. Petitioner contends *881 that he has incurred substantial expenses in searching for his children as a result of respondent’s misconduct.
Counsel fees were awarded to respondent to enable her to be effectively represented in the custody proceeding and the amount was determined in light of the relative financial circumstances of the parties. Respondent’s conduct in secreting the children, although reprehensible and in clear violation of the court order, is irrelevant to the factors underlying the award of counsel fees. Even if some misconduct of the respondent had been established at the trial, it would not have precluded an award of counsel fees. (See Brownstein v Brownstein, 25 AD2d 205; Sheil v Sheil, 29 AD2d 950.) Respondent’s subsequent actions should not vitiate the court’s directives based on the evidence presented at the hearing.
Petitioner’s share of respondent’s counsel fees was ordered to be paid to respondent’s attorney. His services were rendered in a competent manner and their reasonable value was found to be well in excess of the amount awarded. No allegations have been made of any knowledge of or participation in respondent’s posttrial conduct by her attorney. A change in the allowance of counsel fees at this time would result in an unfair shifting of the financial burden to the attorney without cause. The court does not believe that relief from an order to pay for counsel fees already earned is the type of situation intended to come within the scope of CPLR 5015.
For the foregoing reasons, petitioner’s motion is denied. In view of the fact that the due dates for two installments of counsel fees have already passed, the payment schedule originally directed is modified so that quarterly installments will commence on January 1, 1980. In the event that petitioner fails to make any payment when due, respondent’s attorney may enter a judgment against him for the unpaid amount.