■ CHARISSE M. BRODY, Respondent, v DAVID N. BRENNER, Appellant. [624 NYS2d 817] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered June 21, 1994, which, after an allocation between the parties, directed defendant to pay the sum of $64,425.18 to counsel for plaintiff, with related relief, unanimously affirmed, without costs.

There is no reason in this case to disturb the conclusions of the IAS Court in this matter concerning counsel's time, effort and skills (see, Feldman v Feldman, 194 AD2d 207, 219). A noncustodial parent can be awarded fees for unsuccessful custody litigation in "a proper case" (Sheil v Sheil, 29 AD2d 950, 951), such as this.

We have considered defendant's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE WHITE, Appellant. [624 NYS2d 817] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered January 7, 1993, convicting defendant, after jury trial, of murder in the second degree, assault in the first degree, and attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to consecutive terms of 25 years to life on the murder and assault counts to run concurrently with a term of 25 years to life on the attempted robbery count, unanimously affirmed.

The prosecutor offered a reasonable and race-neutral explanation for the peremptory challenge of one black venireperson. That explanation was supported by the record, and was unchallenged by defendant. Thus, there is no basis for defendant's current claim that the trial court erred in accepting the prosecutor's explanation for the peremptory challenge in question (People v Hernandez, 75 NY2d 350, affd 500 US 352). Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.