Spain, J.
Appeal from an order of the Supreme Court (Peckham, J.), entered August 16, 2007 in Delaware County, which, among other things, appointed a receiver of certain real property owned by the parties.
The parties to this action were divorced by a judgment entered in 2005. An oral stipulation of settlement, which was incorporated but not merged into the divorce judgment, provided that the parties would subdivide a parcel of property located in the Town of Colchester, Delaware County. In response to a motion *1106 by plaintiff to enforce the stipulation, Supreme Court—in February 2006—ordered defendant to, among other things, obtain subdivision approval from the Town of Colchester Planning Board. The Planning Board denied defendant’s subsequent subdivision application upon discovering that the property was encumbered by a restrictive covenant against further subdivision.[1] In light of this obstacle, in March 2006, defendant moved to reargue and/or renew Supreme Court’s February 2006 order and requested, among other things, a hearing to determine equitable distribution.
Supreme Court did not rule on defendant’s motion, but reserved decision on all pending matters pertaining to the parties until an appraisal of the property was completed. Because the parties could not agree on an appraiser, the court appointed one and challenged the parties, once the appraisal was complete, to settle the matter in a private auction or buyout. The appraiser completed two appraisals in June 2006, one valuing the entire 9.84-acre property and the other the 1.63-acre portion improved by a house. By letter dated October 4, 2006, defendant requested the opportunity to offer further proof of value. Defendant made a similar request by letter to the court dated January 19, 2007 and explained that the parties had not been able to settle the matter or agree on a private auction. Plaintiff responded with a motion seeking that the parties’ interests in the property be declared in conformance with the terms set forth in the stipulation and the values established in the appraisal, as well as an order allowing her to buy out defendant’s share of the property. Defendant opposed the motion, arguing that the appraisal should not be adopted without an opportunity by the parties to cross-examine the appraiser and submit other evidence of valuation. Supreme Court ordered a hearing to permit the parties to cross-examine the appraiser, but made it clear that no other testimony or evidence of valuation would be permitted.
Following the hearing—at which Supreme Court again denied defendant’s request to submit further evidence—the court determined the interests of the parties in the property to be 83% for plaintiff and 17% for defendant. After giving the parties one last opportunity to settle the matter, the court, in August 2007, fixed the parties’ interests as indicated above, appointed a *1107 receiver, and ordered the public sale of the property. Defendant appeals.
Initially, we find no merit in the procedural objections made by either party on appeal. Contrary to plaintiff s arguments, the issues that defendant raises on appeal are properly reviewable as they were issues decided by nonfinal letter orders which necessarily affected the August 2007 final order appealed from (see CPLR 5501 [a] [1]; Sparkling Waters Lakefront Assn., Inc. v Shaw, 42 AD3d 801, 802 n 1 [2007]). Likewise, we reject defendant’s challenge to Supreme Court’s failure to explicitly rule on his March 2006 motion to reargue and/or renew the court’s February 2006 order directing him to pursue subdivision of the property. In his motion, defendant sought to have the court modify its order in light of the discovered deed restrictions on subdivision and for the matter to proceed for a determination of equitable distribution. Although Supreme Court did not directly address the motion, it implicitly vacated its February 2006 order when it ordered the appraisal, held the hearing and ultimately appointed a receiver and directed a sale. Accordingly, defendant’s objections to Supreme Court’s alleged inaction on his March 2006 motion are moot (see Matter of Castell v City of Saratoga Springs, 3 AD3d 774, 776 [2004]).
Further, we reject defendant’s argument that Supreme Court exceeded its authority by reforming the parties’ stipulation of settlement. Where, as here, a mutual mistake rendered a portion of the parties’ settlement agreement impossible or impracticable, “the relevant settlement provision was properly set aside” (Brender v Brender, 199 AD2d 665, 666 [1993]).[2] No dispute exists that the parties’ agreement to physically divide the property cannot occur given the restrictive covenant; indeed, defendant is not attempting to have the parties’ stipulation enforced. Thus, after giving the parties ample opportunity to reach a new agreement, we discern no error in Supreme Court’s decision to move forward by appointing an appraiser so that an equitable distribution of the property—in as close accordance as possible with the intent of the parties as expressed in their settlement—could be achieved.
We find merit, however, in defendant’s argument that the issue should not have been resolved without a full hearing permitting the parties to offer proof of valuation. Certainly the court *1108 is authorized to appoint an independent appraiser in a matrimonial action (see Domestic Relations Law § 237; 22 NYCRR 202.18) but, unless the parties have stipulated otherwise, the court must afford the parties the opportunity to review the appraisal, cross-examine the appraiser and offer additional evidence on valuation (see Kesseler v Kesseler, 10 NY2d 445, 451-452 [1962]; Matter of Johnson v Johnson, 21 AD2d 256, 259-260 [1964]; see also Di Stefano v Di Stefano, 51 AD2d 885, 886 [1976]; accord Zirinsky v Zirinsky, 138 AD2d 43, 46 [1988]; Samuelsen v Samuelsen, 124 AD2d 650, 652 [1986]). Although the record contains evidence that the parties consented to Supreme Court’s appointment of the appraiser, it does not suggest that the parties agreed to be bound by the resulting appraisal.
We have considered defendant’s remaining contentions and find them to be without merit.
Mercure, J.E, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for a full evidentiary hearing to determine the valuation of the parcels identified in the parties’ stipulation of settlement.

. The Planning Board later reversed its denial of the application on the basis that the Town should not enforce a private covenant. However, it is undisputed that the landowners who benefit from the covenant are unwilling to waive it, rendering subdivision infeasible as it would subject the parties to suit.

. We note that to achieve reformation or recision of the stipulation of settlement, one of the parties should have commenced a plenary action, rather than proceeding by motion (see Brender v Brender, 199 AD2d at 666 n 2) but, in the context of this matter, we conclude the defect to be nonfatal (see CPLR 2001).