(59 App. Div. 237.)

NEWELL v. TOWN OF STONY POINT.

(Supreme Court, Appellate Division, Second Department. March 27, 1901.)

1. DEFECTIVE HIGHWAY—PERSONAL INJURY—EVIDENCE—EXERCISE OF REASONABLE CARE.

There was evidence that plaintiff was seated beside her husband in a platform spring wagon, drawn by a single horse. The horse was gentle. In going down a steep hill, her husband applied the brake; and as she sat quietly, looking ahead, the wheel on her husband's side struck a stone,

and she was pitched forward. Before she could gather herself up, the wagon struck another, and she was thrown to the ground and injured. *Held* that, though the burden was on her to show that she exercised reasonable care, that fact might be inferred from the circumstances disclosed above.

2. TRAVELED PORTION OF HIGHWAY—TOWN'S DUTY TO KEEP OPEN AND SAFE—SCOPE.

The traveled portion of a highway which a town is bound to keep open and safe for travel is not confined to that actually used most of the time by vehicles, but extends to that used in passing other teams.

Appeal from trial term, Rockland county.

Action by Mary J. Newell against the town of Stony Point. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

William McCauley, Jr., for appellant.
Clinton F. Ferris, for respondent.

WOODWARD, J. The plaintiff seeks to recover for personal injuries sustained through the alleged negligence of the defendant in the care and maintenance of a certain highway in the town of Stony Point. There was evidence from which the jury might find that the particular highway was known to be in a dangerous condition for a period of some months before the happening of the accident complained of, that the highway commissioner was notified of the fact and promised to make repairs, but that no work was done upon the road during the year in which the accident happened. The plaintiff, a woman about 43 years of age, married, and the mother of a family, was riding along this highway with her husband in a platform spring wagon, drawn by a single horse. They were driving downhill. The road was steep, and the husband had applied the brake to the wheel. She was sitting on the seat with him, looking ahead, when the wheel on the husband's side of the wagon struck a stone, and she was pitched forward. Before she could gather herself up, the wagon struck a second stone, and she was thrown to the ground, and severely injured in her foot, side, back, etc. At least, this is the evidence on the part of the plaintiff, and, if the jury believed the testimony, it was justified in concluding that such were the facts. The learned trial court charged the jury, without exception on the part of the defendant, that the negligence of the husband in driving, if such there was, could not be imputed to the plaintiff, and the jury might draw the inference from the testimony that the plaintiff was exercising that reasonable degree of care which the law demands, in sitting quietly upon the seat with her husband and riding down this public highway, which other people were in the habit of using. While it is true that the burden is upon the plaintiff to establish that she was exercising a reasonable degree of care, this may be gathered from the facts and circumstances disclosed by the evidence, and need not be direct testimony that she was using such degree of care. When she had described the circumstances of the accident, the character of the wagon, the fact that the horse was gentle and had never run away,

and that the husband had applied the brake, etc., the inference may fairly be drawn that she had exercised the degree of care demanded of her under the circumstances.

There is no merit in the suggestion made by the defendant that it is not liable because the stones on which the wagon struck were outside of the traveled portion of the highway. The traveled portion of a highway is not confined to the part actually used the greater portion of the time by vehicles, but is that part which is held open to the public as a highway, and which is used in passing other teams. There can be no question as to the duty of the defendant to keep such open way, over which it has assumed to exercise control, in a reasonably safe condition for travel, taking into account the circumstances of the road and its surroundings.

The verdict for $1,000, in view of the proof, is not excessive, within the rules recognized by this court. There is nothing to indicate that the jury acted from improper motives or from a mistaken view of the facts; and, where reasonable men might disagree, it is peculiarly a question for a jury to determine, and their verdict is conclusive upon this court.

The judgment and order appealed from should be affirmed, with costs. All concur.