FRANKLIN DU BOIS SMITH, Doing Business under the Name of COLUMBIA COUNTY VETERINARY HOSPITAL, Respondent, v. OLIVER A. QUAYLE, Appellant.— Appeal from a judgment of the Supreme Court, entered in the Columbia county clerk's office on April 14, 1926, on the verdict of a jury in favor of the plaintiff and against the defendant for seventy-two dollars, together with costs, and from an order denying the motion to set aside the verdict and for a new trial. Plaintiff was a doctor of veterinary medicine and sued to recover for services rendered in the care of some pedigreed Airdale terriers owned by the defendant. Defendant counterclaimed alleging that the services had been improperly rendered. The trial presented a sharp issue of fact especially as to alleged mistreatment of the dogs by the plaintiff. It was not denied that the plaintiff had actually treated the dogs. The proof showed that shortly after the rendition of the services the defendant had mailed to the plaintiff a check for the amount of plaintiff's bill bearing the statement " mistreatment of dogs in full to-date." Plaintiff retained the check but never cashed it. Defendant contends that this check was both payment in full and also a legal tender. The trial court asked the jury to find separately on the claims of the respective parties and charged that as to the plaintiff's cause of action it must find a verdict in favor of the plaintiff for some amount because it was undisputed that some services were properly rendered. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

JANE SCHILL, as Administratrix ad Prosequendum of FRED G. SCHILL, Deceased, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24869.) — Appeal from a judgment of the Court of Claims, filed in the office of the clerk of that court on April 24, 1939, awarding to the claimant-respondent the sum of $18,205.35 as damages for the death of her husband. The claim sounds in negligence. Claimant-respondent was operating a Plymouth automobile in a northerly direction along State Route 9W about one mile north of the village of Ravena. It was a two-strip concrete highway. A bus approached from the north and was coming over the white line in the center of the highway onto the claimant-respondent's side. She pulled her car to the right and it ran off the east edge of the concrete. At this point there was a drop of from five to seven inches between the surface of the concrete and the surface of the adjoining shoulder of the road and the shoulder was rough and there was a rut immediately adjacent to the edge of the concrete. After dropping into this rut the car proceeded for some distance until it struck some obstruction and then bounced back onto the concrete and ran diagonally across the same into the ditch on the left side where it was damaged and plaintiff's husband was killed. The condition of the highway at the point of the accident with the seven-inch drop right along the edge of the concrete pavement was dangerous and the cause of the accident. It formed a sufficient basis for the Court of Claims' findings of negligence on the part of the State in the maintenance of the highway. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.