Edna S. Taylor, Appellant, *v.* State of New York, Respondent.
(Claim No. 25618.)

Third Department, November 12, 1941.

*Wilson & Connor* [*William E. J. Connor* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr.,* and *William Heinecke, Jr., Assistant Attorneys-General,* of counsel], for the respondent.

Schenck, J. Claimant was the owner and occupant of an automobile being driven by her adopted daughter when, while proceeding north on the New York-Albany highway near Valatie at three-twenty o'clock in the afternoon of July 25, 1939, the said automobile was forced onto the shoulder of the highway by a truck approaching from the opposite direction. At the easterly edge of the concrete there was a drop, or rut, six inches in depth for a distance of fifty to sixty feet. The wheels of the claimant's car were turned out of line because of this rut and, when the driver attempted to return to the concrete, she lost control of the car. The car then swerved to the middle of the highway and swung back to the side thereof, tipping over as it did so.

The Court of Claims dismissed the claim, holding that the negligence of the State was not established by a preponderance of the evidence, and that the operator of the car was guilty of contributory negligence which was imputable to claimant as passenger-owner.

The Court of Claims should be reversed and new findings of fact and conclusions of law should be made. That the rut in the shoulder was there prior to the accident is not disputed by any testimony in the case. There is, furthermore, no evidence to indicate that the operator of the claimant's car was driving at other than a reasonable speed and in a prudent manner under the circumstances. Confronted with the approaching truck there is no contradiction to her testimony that she had no alternative but to turn out upon the shoulder. She had a right to rely upon her belief that the shoulder, constituting as it does part of the public highway, was in a reasonably safe condition. There were no signs or warnings to the contrary. It accordingly was error to hold that she was guilty of contributory negligence. It was also error to hold that the accident was not caused by the negligently maintained condition of the highway. If there had been no dangerous rut in the shoulder, the operator of the car could easily have brought the right wheels thereof back upon the concrete and the accident would have been avoided.

The facts are analogous to those in *Schill* v. *State of New York* (258 App. Div. 769). In that case the claimant was the owner and operator of a car which was forced from the concrete portion of the highway onto a defective, rutty shoulder and which turned over after being thrown out of control as the result of the wheels dropping into a rut. As the result of the accident, claimant's husband was killed and this court permitted a recovery by the widow. Upon the facts here presented and upon the authority of the *Schill* case, the decision of the Court of Claims should be reversed and judgment rendered for the claimant.

The Court of Claims found that damages to claimant's automobile amounted to $200; that she spent $235 for hospital bills; $190 for doctor's bills, and $60 for board bills at a nursing home. This makes a total of $685, special damages. The injuries sustained by claimant were found by the Court of Claims to have been painful and to have required unusual and painful treatment. The injuries to her fourth and fifth thoracic vertebræ were found to be permanent. Under all of these facts it would seem to me that an award of $10,000 would be proper compensation for the injuries so sustained.

Findings of Fact by the Court of Claims numbered 6 through 9, inclusive, and Conclusions of Law numbered I through IV, inclusive, should all be reversed. In place of Findings 6 through 9, there should be substituted claimant's Requests to Find numbered 7 through 25, inclusive. In addition, there should be added claimant's Request numbered 27, with the modification that the sum of

$30,000 therein be reduced to $10,000. Number of each finding should be appropriately changed.

Conclusions of Law contained in claimant's Requests numbered 1 through 7, inclusive, should be substituted for those found by the Court of Claims, with the modification of substituting the sum of $10,000 for $30,000 in Conclusion numbered 7.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment of the Court of Claims dismissing claim herein reversed on the law and facts, with costs to claimant, appellant.

The court reverses Findings of Fact Nos. 6, 7, 8 and 9 and Conclusions of Law Nos. I, II, III and IV.

The court makes new Findings of Fact in place of findings Nos. 6 to 9, inclusive, as follows:

6. That in the easterly shoulder alongside of the highway at the location of the accident, there was a rut in the shoulder for a distance of fifty to sixty feet and to a depth of six inches.

7. That the condition of the rut at the location of the accident was hazardous. That said condition had existed since the spring of 1935.

8. That there had been several other accidents at the same location.

9. That other accidents were caused by the wheels of automobiles dropping into the aforementioned rut.

10. That the rut at the location of the accident was improperly and negligently cared for.

11. That said rut should have been filled in with a binder.

12. That no warning signs, signals, barriers or lights were posted at or near the scene of the accident to give warning of the dangerous condition of the road and shoulder.

13. That the condition of the said road and shoulder at the said point was due to the negligence of the State of New York, its officers, agents, servants and employees, in not discovering through its patrol system, and properly repairing same.

14. That the State of New York, its officers, agents, servants and employees, either knew or should have known of the dangerous condition of the said highway and shoulder.

15. That the automobile of the claimant was being operated at a moderate rate of speed, was under full control and was in good mechanical condition at the time of the accident.

16. That the said automobile was on the proper or right-hand side of the road at the time of the accident.

17. That on the 25th day of July, 1939, the pavement was dry and the day was bright.

18. That this claim has not been submitted to any other tribunal or office for audit or determination.

19. That the claim herein was filed within the time prescribed by law.

20. That as a result of said accident, claimant sustained two lacerations of the scalp, internal abdominal injuries, compressed fracture of the third and fourth thoracic vertebræ of the spine, a dislocation between the two parts of the sternum, that is the manubrium and the gladiolus; she suffered from shock and concussion of the brain. Due to her size and to the condition that existed in the sternum, the ordinary treatment that would be used could not be used in this instance. When the proper method was used she was unable to breathe and became purple and cyanotic. She was then placed upon sandbags and she was required to remain in that position for a long period of time, unable to move her body at all. There then developed over her body and especially at the base of her spine, large bed sores.

21. That the fracture of the fourth and fifth thoracic vertebræ is of a permanent nature, and she is still unable to perform her usual duties about the house.

22. That claimant was confined to the Hudson City Hospital from the 25th day of July, 1939, to the 7th day of September, 1939.

23. That claimant was confined to a nursing home for two weeks.

24. That in and about endeavoring to be cured of her injuries claimant necessarily expended the sum of $235 for hospital bills; the sum of $60 for board bills at the nursing home; and the sum of $190 for doctor's bills.

25. That claimant herein has been damaged in the total of $10,000.

The court makes new Conclusions of Law, as follows:

I. That claimant herein was free from contributory negligence.

II. That the State of New York, its officers, agents, servants and employees were negligent in allowing the said roadway and shoulder to be and remain in a dangerous condition.

III. That the State of New York is liable for the damages suffered herein, by the provisions of section 58 of the Highway Law of the State of New York.

IV. That it constituted negligence on the part of the State of New York to so construct and maintain the roadway and shoulder as to cause a dangerous condition and to fail to remedy or repair the said condition.

V. That the failure of the State of New York to post a watchman or to post warnings to denote the presence of a dangerous condition constituted negligence.

VI. That the claimant is entitled to recovery herein.

VII. That the judgment should be and hereby is directed against the State of New York for the sum of $10,000.