Lois S. Goodwin, Appellant, *v.* State of New York, Respondent.
(Claim No. 28470.)

*Per Curiam.* Appeal from a decision and judgment of the Court of Claims dismissing, after a trial, a claim for personal injuries and property damage.

The claimant, who was the owner and operator of an automobile, was forced onto the shoulder of the highway by oncoming traffic. In attempting to pull back onto the macadamized portion of the highway, claimant lost control of her car, which crossed the road and struck a tree, resulting in the injuries suffered. A passenger in claimant's car has been awarded damages for the injuries she sustained. The evidence shows, and the court has found that at the point where the claimant attempted to regain the macadam, the level of the road was higher than the surface of the shoulder and that the edge of the macadam in that vicinity was broken and gouged out; that this constituted a dangerous condition of which the State had or should have had knowledge, and that the failure to rectify it or to warn traffic relative thereto, constituted negligence on the part of the State. It is also clearly demonstrated by the evidence that this condition caused the accident. The court below has found, however, that the claimant was guilty of contributory negligence, barring her recovery. The evidence does not support this conclusion. The claimant was traveling at a moderate rate of speed, and although she observed the oncoming automobiles, she had no reason to anticipate that one would attempt to pass the other. It was this circumstance which forced claimant to drive upon the shoulder, and whether she knew of its dangerous condition at this particular point or not, in the face of the emergency with which she was confronted, she can scarcely be criticized for failure to apply her brakes in the moment or two which intervened before her car went out of control. It may possibly be true that the accident could have been avoided had claimant elected to turn into the adjacent field, rather than attempt to return to the highway, but at best, such a suggestion is based on hindsight rather than foresight. In any event, bearing in mind the emergency which existed, claimant cannot be held to have acted other than in a careful and prudent manner in attempting to return to the highway from which she had been forced. This attempt was frustrated, not by the negligence of the claimant, but by that of the State.

It is established by the evidence and in no way controverted that claimant sustained special damages amounting to $2,707.63. In addition, it is apparent that her injuries were extensive, painful and to a large extent permanent; that future medical aid and attendance will undoubtedly be necessary and that claimant's earning capacity has been substantially reduced. In view of all these circumstances, $45,000 is a fair and proper award for the general damages which claimant sustained.

The judgment of the Court of Claims is reversed on the law and facts, with costs to the claimant-appellant, and judgment directed against the State of New York in the amount of $47,707.63. The findings of fact are adopted, modified and reversed, and the conclusions of law disapproved and annulled, as set forth in the accompanying decision.

Heffernan, Foster and Russell, JJ., concur; Hill, P. J., and Deyo, J., concur except as to the amount of the award and vote for damages of $30,000.

Judgment of the Court of Claims dismissing the claim herein reversed on the law and facts, with costs to the claimant-appellant, and judgment directed against the State of New York for $47,707.63.

The court adopts findings of fact Nos. 1 through 10, inclusive, 12 and 14 through 20, inclusive.

The court modifies finding of fact No. 11 by eliminating and deleting the last sentence therefrom, to wit: "That to the east of the said portion of the easterly shoulder was a level field access to which was unobstructed."

The court reverses findings of fact Nos. 13, 21 and 22, and makes new findings in place thereof, as follows:

13. That prior to the accident claimant had frequently traveled over the road, and she was not familiar with said condition of the road and shoulder.

21. That the said Lois S. Goodwin, at and prior to said accident, was faced with an emergency by reason of said approaching automobiles and the condition of said shoulder of said highway.

22. That claimant was not guilty of negligence which caused or contributed to the occurrence of said accident.

23. That by reason of the said accident claimant was injured in the following respects: multiple fractures of the right fibula between the ankle and knee, multiple fractures of the tibia at the ankle joint, a lateral displacement of the right tibia on the right astragalus, an upward displacement of about one and one-half inches of the left femur, a fractured left acetabulum, loss of front incisor, lacerations of the stomach, bruises, contusions and lacerations about her body. That she was confined to the hospital during which time operations were performed on each leg, until October 20, 1946, when she was moved to her home by ambulance where she had to stay in bed. That she first went out of her home on January 22, 1947, to return for medical examination. That she was required to procure a brace for the right leg. That she was hospitalized on May 22, 1947, for a period of thirteen weeks for further treatment to the left leg. That as a result of said injury the left leg at the time of trial had shortened one inch, and the head of the femur is in the process of dissolving. That the injury to the right ankle is permanent, which ankle is and will be 75% incapacitated, and the injury to the left hip and shortening of the leg is permanent, which is 100% incapacitated. That claimant has lost 75% use of both legs. That claimant will always wear a brace on her right leg and will have to use crutches or a cane to get about for the rest of her life. That by reason of said injuries the claimant has suffered much pain and discomfort and will always suffer pain and discomfort, and will suffer loss of earnings and will require medical aid and attendance in the future.

24. That at the time of trial claimant had a life expectancy of 13.47 years.

25. That by reason of claimant's personal injuries she incurred expenses in her care and treatment of the fair and reasonable cost of $2,407.63, and by reason of said accident the claimant's damage to her automobile was of the reasonable value of $300.

26. That by reason of the injuries claimant was damaged in the sum of $45,000, exclusive of said expenses and property damage.

The court disapproves of and annuls conclusions of law Nos. 1, 2 and 3, and makes new conclusions of law as follows:

1. That the State having been negligent and claimant having been free from contributory negligence, claimant is entitled to recover.

2. That judgment should be and hereby is directed against the State of New York in the amount of $47,707.63, with costs and disbursements.