ANTOINE GILLY, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 30928.)

Court of Claims, December 8, 1952.

*John Gilleran* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Gerald Sokoloff* of counsel), for defendant.

SYLVESTER, J. This claim for personal injuries arises out of an accident occurring on September 27, 1950, at 11:50 P.M., on Route 121 about 500 feet south of the intersection of Route 137, Bedford, N. Y. Claimant asserts that while negotiating a curve in the road, the right rear wheel of his automobile dropped off the asphalt pavement onto the shoulder, which was depressed from the pavement and which was composed of soft material, causing him to lose control of his car which swerved to the opposite side of the road and into a large stone. It appears, however, that no emergency or special condition confronted the driver requiring him to resort to the shoulder of the road for travel or other use. The condition of traffic in either direction and the condition of the highway and surrounding terrain were

not such as to cause or require the claimant to leave the pavement. No traffic in either direction intervened to impel him to encroach upon the shoulder of the road. On the contrary, claimant's own inability to properly control his vehicle along this highway, with which he was familiar, brought about the untoward consequence.

The rule to be applied here was aptly stated by Presiding Judge Lounsberry of this court, in *Miller* v. *State of New York* (201 Misc. 859, 861): " the claimants are relying on the principle that the shoulder of the highway must be maintained in reasonably safe condition for use when occasion requires. Such principle is well established, of course (*Taylor* v. *State of New York*, 288 N. Y. 542; *Goodwin* v. *State of New York*, 274 App. Div. 824, affd. 298 N. Y. 873; *Sher* v. *State of New York*, 194 Misc. 172), but it is subject to certain limitations and qualifications. In the first place it has been applied only when operation on the shoulder rather than on the pavement was a reasonable recourse by reason of some emergency or special condition. It has never been applied, so far as we can discover, where a driver negligently and without reasonable cause ran off the pavement. In the second place, the obstruction or dangerous condition complained of must have been the proximate cause, or at least one of the proximate causes, of the accident, a point to which we will advert later."

The court finds that the proximate cause of the accident was not the purported dangerous condition of the shoulder but solely the negligence of the claimant in the operation of his vehicle.

Judgment dismissing the claim is therefore directed.