In the Matter of the Accounting of CORTEZ D. EATON, as Executor of ALPHONZO D. V. EATON, Deceased, Appellant. EARL T. MAXON, Respondent.— Motion by executor appellant for an order clarifying the court's opinion and decision by directing that the costs awarded to the executor appellant be paid personally by the objectant respondent. Motion granted, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *ante*, p. 32.]

∎

MARTIN R. SLETTEN, an Infant, by His Guardian ad Litem, ALVIN B. SLETTEN, et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. — The State appeals from a judgment of the Court of Claims, which awards damages to each of the claimants for personal injuries sustained because of an alleged defect in a State highway which caused the automobile in which they were riding to go out of control and strike a tree. The claimants cross-appeal on the ground of inadequacy and because interest from the date of the decision to the date of the entry of judgment was not included in the judgment. The accident occurred in the village of Fishkill, N. Y., at or near the point where Jackson Street intersects State highway 52. The trial court has found that claimants' car was forced to bear to the right because of two oncoming vehicles, one attempting to pass the other, and that in so doing the right front wheel of claimants' car entered a rut at the edge of the concrete pavement, throwing the car out of control and causing it to strike a tree. The court has also found that the rut was two feet long and six inches deep and had existed for about two months prior to the accident, and that this defective condition of the shoulder was the proximate cause of the accident. There is sufficient evidence in the record to sustain these findings. Although the injuries were very serious, the awards were substantial, and we do not deem them inadequate. The decision of the court was made on April 28, 1952, and the judgment was not entered by the Clerk of the Court of Claims until May 21, 1952, and did not include interest during the interval. Pursuant to section 480 of the Civil Practice Act, claimants are entitled to interest from the date of the decision, and it should have been included in the judgment. Judgment modified to include interest from April 28, 1952, to the date of entry, and as so modified, on the law and facts, affirmed, with costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.