LYRA C. BROWN, as Administratrix of the Estate of MAYO BROWN, Deceased, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 28838.) LYRA C. BROWN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 28839.) — Appeals from (1) a judgment of the Court of Claims dismissing the claim of Lyra C. Brown; and (2) that part of a judgment of the same court which dismissed the claim of Lyra C. Brown, as administratrix of her husband's estate, except for the sum of $400 damage to an automobile owned by the deceased husband. The State appeals from the latter claim insofar as it awards the sum of $400 to claimant. These cases have previously been before this court and a new trial ordered (279 App. Div. 958). Claimant, Lyra C. Brown, was driving an automobile, owned by her husband, in a westerly direction on a newly constructed section of a concrete State highway when she lost control of the vehicle and it crossed to the south side of the highway, went down an embankment, and caused severe injuries to claimant. Although the road was open to traffic in both directions, the north shoulder of the highway was uncompleted, soft, uneven and, in places, was several inches below the level of the concrete. As claimant driver was proceeding at a moderate rate of speed on the concrete, she observed another car alongside of her car proceeding in the same direction and close to her vehicle. She turned somewhat to the right and, as the other car passed, it cut closely in front of her, forcing her to turn more to the right and on to the north shoulder to avoid a collision. In attempting to remount the concrete pavement the right front wheel of her vehicle caught the edge of the concrete in a manner which caused her to lose control. The Court of Claims has found that the State was negligent in maintaining the highway and permitting claimant to travel upon it under the existing conditions. The evidence supports such a finding. The court found, however, that claimant failed to establish freedom from contributory negligence, and for that reason dismissed her individual claim and a portion of her claim as administratrix. We think such a finding is contrary to the evidence. While the lower court found that claimant driver did go on to the shoulder and that the condition of the shoulder at the edge of the concrete caused her to lose control, the court felt that the evidence failed to establish that claimant was forced to the shoulder by another vehicle but drove upon it negligently. Claimant described in detail the manner in which she was forced to the shoulder, or was confronted with a situation which caused her to think that the safer thing to do. Her testimony was not directly controverted. There was considerable evidence from the occupants of vehicles proceeding in the opposite direction that one or more westbound cars were in the immediate vicinity at the time. The road was straight and there is no evidence that claimant's attention was diverted, that her car was not under control, or that there was any reason for her to leave the pavement except the circumstances which she described. Mere mathematical calculations based upon the distances between various cars in the vicinity, hastily estimated by an oncoming motorist, are insufficient to overcome the evidence supporting claimant's version of the accident. The State has been held liable in a number of cases under similar circumstances. (*Goodwin* v. *State of New York,* 274 App. Div. 824, affd. 298 N. Y. 873; *Taylor* v. *State of New York,* 262 App. Div. 657, affd. 288 N. Y. 542; *Schill* v. *State of New York,* 258 App. Div. 769.) Lyra C. Brown was driving the automobile of her husband, Mayo Brown, who was not present in the car, and she was not operating the car for his business or benefit. The lower court has granted judgment in Claim No. 28838 for the stipulated damage to the car, but has dismissed that part of the

claim which was for medical and hospital expenses and loss of services of the wife. The husband lived for approximately four years after the accident and incurred very substantial expenses for the injured wife. The administratrix of the husband's estate has been substituted as claimant. The judgment in Claim No. 28838 is affirmed insofar as it is in favor of claimant for the sum of $400, and is reversed, on the law and facts, as to that part which dismissed the remainder of the claim and judgment directed against the State of New York for the sum of $5,000. It is established by the evidence, and in no manner controverted, that claimant Lyra C. Brown lost her left eye, lost the sight of her right eye and was rendered totally blind as a result of the accident. She also suffered other extensive injuries and disfigurement which are, to a great extent, permanent. The sum of $75,000 is a fair and proper award for her general damages. The judgment of the Court of Claims in Claim No. 28839 is reversed, on the law and facts, with costs to appellant, and judgment directed against the State of New York, in the amount of $75,000. As to each claim, all findings of fact and conclusions of law inconsistent herewith are disapproved, and new findings of fact and conclusions of law are made in conformity herewith. Settle order on notice. Bergan, J. P., Coon and Halpern, JJ., concur; Imrie and Zeller, JJ., dissent, and vote to affirm in the following statement: The triers of the facts, after two lengthy trials, have found, respectively, that the claimant driver of the automobile was contributorily negligent, and that she had failed to establish her freedom from contributory negligence. We can not say that the findings were contrary to the weight of evidence. [205 Misc. 226.]