HELEN BERGMANS, as Administratrix of the Estate of JOSEPH C. BERGMANS, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31038.) — Appeal from a judgment of the Court of Claims. Decedent was killed on September 14, 1951, at about 9:45 P.M. as he was driving home from his work over the Saratoga-Bemis Heights highway during a heavy downpour of rain. The road was a two-strip concrete pavement, sixteen feet wide, with shoulders of dirt and grass. The growth of grass commenced about fifteen inches from the pavement. Due in part to the sinking of the concrete and in part to plant growth on the shoulders, the outside portions of the shoulders were about two inches higher than the concrete for a considerable distance near the point of the accident. This condition caused water to collect both on the highway and shoulders during and after rain storms. The only eye-witness, Barton, and the decedent had left the restaurant where they worked and, each driving his own car, proceeded in a generally easterly direction toward the decedent's home over the State highway where the accident occurred. They were proceeding at thirty-five miles an hour. As they approached the bottom of a long gentle downgrade, at which point there was a gradual curve to the left, water flew up from all sides

of decedent's car and it swerved toward the right-hand side of the road, then swerved to the left, crossed over and went off the road to the left-hand side and struck a tree. The Court of Claims has found that the decedent was negligent in the operation of his automobile and that claimant failed to prove any negligence on the part of the State. At the point where decedent's car went off the right-hand edge, the entire road and the dirt portions of the shoulders were covered with water to a depth of one inch. This accumulation extended for a distance of approximately fifty feet. The heavy rain was, of course, known to the decedent as he drove on the highway, and the accumulation of water at the foot of the hill should have been apparent to him as he approached it. He entered this water-covered area at a speed of thirty-five miles per hour. The water friction alone could have caused the deviation in direction which led to the accident. It is by no means clearly demonstrated that any physical condition of the pavement or shoulder caused the car to swerve. The Court of Claims was not under necessity on this record to find any such causation, although claimant argues that it is to be inferred that the car went off the right edge of pavement and that this edge of the pavement protruded sufficiently above the shoulder to constitute negligent maintenance and was in part a cause of the accident. We are in accord with the finding of the Court of Claims that the negligence of the State has not been established and that the decedent was negligent in the occurrence of the accident. Judgment affirmed, without costs. Foster, P. J., Bergan and Imrie, JJ., concur; Coon and Zeller, JJ., dissent in the following memorandum: The original plans for the road call for shoulders sloping away from the concrete. Due in part to the sinking of the concrete and in part to plant growth on the shoulders, the outside portions of the shoulders were approximately two inches higher than the concrete for a considerable distance near the point of the accident. This condition caused water to collect both on the highway and shoulders during and after rain storms. The decedent was traveling thirty-five miles per hour on the highway on which a maximum speed of fifty miles per hour was permitted. At the point where decedent's car went off the right-hand edge, the entire road and the dirt portions of the shoulders were covered with water to a depth of one inch. This accumulation extended for a distance of approximately fifty feet. The decedent was thus prevented from observing the edge of the pavement. The soft mud shoulder adjacent to the pavement where decedent's car went off the road was lower than the concrete. There were no highway signs calling for reduced speed or warning that there were soft shoulders adjacent to the highway or that water collected on the highway at or near the scene of the accident. The maintenance of the highway by the State for years prior to the accident consisted of patching the concrete portion of the roadway and mowing the grass on the shoulders. It thus appears that a dangerous condition existed at the point of the accident during and immediately after rainfalls of which the State knew or should have had knowledge and that the State failed to give any notice to users of the road of the uncommon danger. It further appears that the decedent's automobile was caused to leave the highway because of the dangerous condition which existed and not through the failure of the decedent to use due care and caution. The State has been held liable for damages in a number of cases under similar circumstances. (*Canepa* v. *State of New York*, 306 N. Y. 272; *Schnurr* v. *State of New York*, 279 App. Div. 1119, affd. 304 N. Y. 774; *Goodwin* v. *State of New York*, 274 App. Div. 824, affd. 298 N. Y. 873; *Taylor* v. *State of New York*, 262 App. Div. 657, affd. 288 N. Y. 542.) We vote to reverse the judgment of the Court of Claims and to grant damages to the claimant.