ALBERT P. FEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32155.)

Court of Claims, March 21, 1955.

*Albert V. Moore* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for defendant.

MAJOR, J. This claim alleging negligence on the part of the State, was filed to recover damages to the person and automobile of the claimant, sustained as a result of an accident on July 6, 1953, when an automobile owned and operated by one Harry McCarthy ran into claimant's car on New York State Route 12 D.

Route 12 D is a two-strip, eighteen-foot wide, concrete road with bituminous top, with a white division line through the center thereof. The crown of the road is three-fourths of an inch higher than its edges. This road was constructed in 1924 according to plans, specifications, standards and customs of that time. No change has been made in the banking or curves of the pavement. Over the years, this road and its shoulders have received the necessary care, so that the road was in proper condition for the use of the traveling public on the day of the accident.

On July 6, 1953, at about 6:30 P.M., the claimant was driving his car southerly on Route 12 D, and when he reached a point just south of a culvert near the Edick premises and near telephone pole VB 58, an automobile driven northerly by Harry McCarthy ran into and practically demolished claimant's car. As a result of this accident, the claimant sustained various fractures, bruises and lacerations, and suffered considerable pain and discomfort. Mr. McCarthy died as a result of the injuries received.

Shortly before the accident, it had been raining and the road was still wet. The sun was shining. Driving and visibility were

both good. Just prior to the accident, Harry McCarthy was driving around a 5% curve which was properly signed and which ended approximately at the crown of a hill. At about this point, the claimant, who was traveling alone in the opposite direction at about 45 miles per hour, first saw the McCarthy car when he was about 300 feet from it. The claimant applied his brakes and came to a stop within 75 to 80 feet. The claimant testified that the McCarthy car appeared to be out of control, and within a few seconds traveled from 220 to 225 feet, crossing the highway and colliding with his car.

Harry McCarthy and his passenger, Victor Greco, left Schenectady in McCarthy's car about 10 A.M. on the day of the accident, intending to travel to Canada. They made a stop at Utica and, in the afternoon went to a movie; then they proceeded to Boonville and ate at the American Hotel. Upon leaving Boonville, they arrived on Route 12 D and continued to the scene of the accident. Enroute and prior to the accident, they had consumed some alcoholic beverages.

The claimant's theory as to the cause of this accident, as stated in the claim, is that McCarthy's car " went off on the easterly shoulder, causing the driver of the automobile to lose control, and then skidded across the highway and into the claimant's automobile ". The testimony is conflicting and the credible evidence does not bear out the claimant's theory. The only other eye witness available was Victor Greco, the passenger in the McCarthy car, who was produced as a witness for the claimant. His testimony merits little consideration and is of no value.

There were no cars on the road in front of the claimant or McCarthy, and no cars passed in either direction before the accident. The claimant offered evidence that the shoulder broke away from the pavement and that several drivers of motor vehicles that went off the highway onto the shoulder had various experiences which resulted in accidents not comparable with this one. However, McCarthy encountered no emergency to use the shoulder, nor is there any credible evidence that he left the paved portion of the highway immediately prior to the accident, or that the shoulder or pavement was defective.

It is the duty of the State to exercise reasonable care in the construction and maintenance of its highways. However, the State is not responsible for the actions of the users of the highway. The burden of proof is upon the claimant. This proof is attempted by adduction from implication. The evidence produced permits the adduction of more reasonable inferences with respect to the happening of the accident than the theory

advanced by the claimant. Therefore, there is a failure of proof and there can be no recovery. (*Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188; *Francey* v. *Rutland R. R. Co.,* 222 N. Y. 482; *Ford* v. *McAdoo,* 231 N. Y. 155; *Digelormo* v. *Weil,* 260 N. Y. 192.)

There was insufficient proof as to what caused this accident, and as to that issue the proof was entirely circumstantial. The real reason for McCarthy's failure to keep his car under control remains unknown and is open to speculation. He may have dozed at the wheel after having consumed food and beer. A defect in his car, his negligent driving or many other possible reasons may have been the cause of the accident.

While circumstantial evidence may support a recovery, however, to do so the inferences of negligence or proximate cause must be the only ones that can fairly and reasonably be deducted from the facts. (*Boyce Motor Lines* v. *State of New York,* 280 App. Div. 693, affd. 306 N. Y. 801.)

The claimant has failed to meet the burden of proof establishing negligence on the part of the State, and this court finds no negligence on the part of the State which was a proximate cause of this accident, or which contributed thereto. This court also finds that the claimant was guilty of no contributory negligence. The proximate cause was the failure of the driver of the McCarthy car to operate his vehicle in a careful and prudent manner in accordance with the provisions of the Vehicle and Traffic Law.

The State's motion to dismiss this claim on the merits is granted and the claim is dismissed.

The court will mark and sign proposed findings of fact and conclusions of law if submitted by either party within thirty days.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.