■  JOSEPH BONO et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 31339.) — Claimants appeal from so much of a judgment of the Court of Claims as dismissed the claim of Ann Bono for personal injuries and the claim of Joseph Bono for his wife's medical expenses and for loss of her services. The State appeals from so much of said judgment as awards the sum of $1,800 to claimant, Joseph Bono, for property damage to his automobile, as an absentee owner. At about 11:20 o'clock in the forenoon on March 11, 1952, claimant, Ann Bono, was driving her husband's automobile in an easterly direction on a State highway known as Route 20, a short distance east of the village of Madison, New York, when the car struck an area of water flowing across the road, left the road on the south side and hit a tree. Route 20 is a four-lane highway with two strips ten feet in width for east bound traffic separated by a mall from two similar strips for west bound traffic. There was a ten-foot shoulder on the south side of the east bound lanes, and five feet south of the shoulder there was a ditch for drainage purposes. To the south of this ditch the terrain rose sharply and extended uphill for approximately one-half mile. It appears without contradiction that the highway was constructed in accordance with good engineering practices and no defect in the highway is asserted. Water never overflowed the road in summer, even during heavy rains, and, although water had on previous occasions overflowed the road in winter, it was always under conditions similar to those prevailing when this accident happened. There had been an unusually heavy fall of snow during the winter of 1952, and there was a great deal of snow on the hill to the south of the highway on March 11, 1952. At some time around midnight the temperature rose rapidly, and thawing conditions plus heavy rains caused water in large volume to flow down the hillside,

over the snow-filled ditch and across the highway, reaching a depth estimated at from eight to twelve inches. Ann Bono testified that she saw this water on the road when she was about fifty feet from it, driving at thirty-five miles per hour; that she let up on the accelerator; did not apply her brake; and, as she struck the water she lost control. Although there is a long curve of less than one degree to the west of the point of accident, the evidence discloses that there is a sight distance to the east of at least seven hundred feet at all points. The Court of Claims has found as a fact: "This stream was or should have been observed by Ann Bono for a distance of a least 200 feet before reaching it, had she been driving the automobile in an alert and prudent manner." There is no substantial dispute as to the facts, and we think the evidence establishes that the negligence of Ann Bono and the weather are the sole causes of this accident, and that claimants have failed to meet the burden of establishing negligence on the part of the State. The weather conditions and likelihood of water in the road were apparent to Ann Bono, and the water in the road at this point should have been apparent to her. To place a burden upon the State of keeping highways free from water obstruction at all points, at all times and under all weather conditions is to require more than reasonable care in highway maintenance. (*Bergmans* v. *State of New York*, 285 App. Div. 989, affd. 309 N. Y. 814.) The judgment, insofar as it dismisses the claim of Ann Bono and dismisses the claim of Joseph Bono in part, is affirmed, and insofar as it grants judgment to Joseph Bono, is reversed, on the law and facts, and the claim dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed, and new findings and conclusions in accordance herewith are made. Settle order on notice. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.