Russell Q-. Hum, J.
This claim arises out of the alleged negligence of the State in the maintenance of State highway Route No. 22 at the place where it runs along the north side of Great Meadow Correctional Institution at Comstock, Washington County. At this place on November 28, 1953, about 11:30 p.m., Margaret A. Lewis, 28 years of age, one of the claimants, was seriously injured when the automobile she was driving in a westerly direction skidded off the highway due to a slippery condition thereon of about three hours duration.
The negligence charged is in the failure of the State to maintain the shoulders of the highway in reasonably good condition for use as required. For failure in this .respect, the State has been held liable in a number of cases (La Rue v. Tiernan, 260 App. Div. 337, affd. 285 N. Y. 550; Wager v. State of New York, 257 App. Div. 580; Schill v. State of New York, 258 App. Div. 769; Taylor v. State of New York, 288 N. Y. 542; Brown v. State of New York, 284 App. Div. 1014, affd. 308 N. Y. 980; Graff v. State of New York, 262 App. Div. 800, affd. 287 N. Y. 594; Sletten v. State of New York, 282 App. Div. 751; see, also, Newell v. Town of Stony Point, 59 App. Div. 237). In the Taylor case it was said in the court below (262 App. Div. 657, 658) that the claimant had a right to rely upon the shoulder as being ‘ ‘ in a reasonably safe condition ”.
The testimony established that the highway was clear and dry for miles east of the accident scene, but, as Mrs. Lewis approached the place where her car went off the road for the first time, the pavement appeared to be wet. It was not negligence, as a matter of law, for her to proceed (Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 469). The wet surface was first seen as she drove on a downgrade, at a speed of about *445 30 miles an hour, Westerly, out of the last of a series of curves, and, at this place, the curve was a sharp one to her left. The surface turned out to be a slippery glaze. Her car skidded out of control to her right and onto the north shoulder of the highway and into a drop off along the pavement; Mrs. Lewis then pulled on the steering wheel to return the car to the pavement but her car went forward with its right wheels in the drop off, scraping along the side of the exposed pavement for about 15 to 20 feet; the drop off was described as having a depth of from two to seven inches over the distance travelled and the side of the pavement was shown on claimants’ Exhibit 6 (a photograph taken the following day) to have a series of knob-like protrusions; the right front wheel of the automobile suddenly mounted the pavement as the result of the pressure applied by Mrs. Lewis; it was then described as having “ shot ” across the road — “directly across ” — “shot right across the road ”; and, the left wheels went into another drop off on the left shoulder (south side) of the road and abutting the pavement. This condition, shown on claimants’ Exhibit 8, was described by a witness called by the State (G-. Kenneth Horton, a highway construction supervisor for Washington County) as a “washout” which he never noticed before; and, he said that if he had noticed the “ condition as depicted in claimants’ exhibits, these photographs ” he would have notified Mr. Friday, a State employee in charge of “ the State road in Washington County”; to Mr. Horton “ ‘the possibility of an accident was clear ’ ” (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339, 344). When Mrs. Lewis sought to return her caito the pavement by pulling on the steering wheel, the left front wheel scraped along the exposed side of the pavement and then suddenly left the washout and the car, out of control, went back upon the pavement and across and into a field on the north side of the highway and overturned and the claimant sustained serious injuries. The other occupants of the car, a brother-in-law and a sister-in-law, were not injured.
On the question of notice, the testimony was that a State maintenance crew had done maintenance work upon the highway at the accident scene in the month of October, 1953, except for the shoulders. The drop offs or washouts were of longstanding and should have been observed and repaired. If the State did not have actual notice, a sufficient length of time elapsed, under the facts here, to charge it with constructive notice of the conditions (Magid v. City of New York, 234 App. Div. 38. affd. 259 N. Y. 618). The State’s foreman (Parrish) testified that when he worked on this section of the road in *446 October he noticed that the north shoulder was 1 ‘ down some ’5 at the place where the automobile left the pavement for the last time and it could have been down from one to four inches easterly thereof. No repairs were made. The witness identified the conditions shown in Exhibits 6 and 10 as existing on the night of the accident at the place where Mrs. Lewis testified her car first left the pavement.
The cause of the skid as the car came around the curve was the glazed condition of the highway; for this, the State is not responsible under the facts here (Quigley v. State of New York, 281 App. Div. 185, affd. 308 N. Y. 846; La Tournerie v. State of New York, 1 A D 2d 734). The fact that the claimant’s car skidded does not, in itself, impute negligence to her — “ Nor does the fact that it thereafter went out of control necessarily imply that she was careless in operating it. Perhaps another driver would have applied his brakes; or yet another would have pulled to the left instead of to the right. We can only guess that the result would have been different. The test is one of competency, not of the degree of skill. (Smith v. Levison, 222 App. Div. 310 [1928]; Sporborg v. State of New York, 226 App. Div. 113 [1929].) It does not appear that the emergency was of claimant’s creation. Once it arose we find nothing in the record to support a finding that anything she did, or omitted to do, caused or contributed to her injuries. ’ ’ (Sanders v. State of New York, 191 Misc. 248, 252, affd. 274 App. Div. 842, affd. 298 N. Y. 850.) The claimant is not to be judged by hindsight (Wolozsynowski v. New York Cent. R. R. Co., 254 N. Y. 206, 209). The claimant is not chargeable with negligence contributing to the accident.
Under the facts, the State cannot be exonerated from liability on the ground that its negligence was not one of the proximate causes of the accident, the other contributing cause being the atmospheric changes which brought about the glazed condition of the highway. The negligence of the State in failing to properly maintain the shoulders of the highway greatly increased the probability of the occurrence of the accident. It cannot “be said with certainty that, even if the defendant [State] had not been negligent, the accident would nevertheless have happened” (Rugg v. State of New York, 284 App. Div. 179, 182). Where there is more than one cause of an injury, the injured party need only show that the “ injury was sustained wholly or in part by a cause for which the defendant was responsible ” (Ruback v. McCleary Wallin & Crouse, 220 N. Y. 188, 195; see, also, Battistoni v. State of New York, 1 A D 2d 926; Rugg v. State of New York, 1 A D 2d 916). *447 The State’s neglect of the shoulders was a proximate cause of the accident.
The injuries which Mrs. Lewis received are set forth in the decision accompanying this memorandum and awards are therein made to her and her husband for the injuries and damages sustained.