Feed A. Young, J.
These claims have arisen out of an accident which took place on Route 3 between Saranac Lake and Bloomingdale, New York, on August 12,1954, in which claimant’s wife and son were killed.
Route 3 is a two-lane concrete road with macadam resurfacing 20 feet in width. Between Saranac Lake and Bloomingdale the highway runs generally in an east and west direction. Approximately eight-tenths of a mile east of Saranac Lake on the southerly side of the highway is located a service station owned and operated by one Fred White. In front of this station and running over 300 feet along the edge of the highway is the entrance driveway to the gas pumps. To the west, toward Bloomingdale, the sight distance is over 200 feet at which point *375 a slight curve to the north somewhat limits the vision from either direction. The grade of the highway is slight and a detailed description is unnecessary and immaterial in this case.
Throughout the day of August 12, 1954 intermittent rains made the highway wet. At approximately 4:00 p.m., on that day Anne M. Gruneisen was driving her Henry J automobile easterly toward Bloomingdale in the south lane of Boute 3. Her infant son, Thomas, was accompanying her. Coming from the opposite direction on the highway Mr. Oscar Gruber, in the company of his wife and another couple, was driving his automobile. About 700 feet east of White’s service station the Gruber car passed a truck of the New York State Department of Public Works. The car then continued for some distance in the south or passing lane as it negotiated the slight curve several hundred feet east of the service station. Mr. Gruber then observed the Gruneisen car approaching 150 to 200 feet to the west. At this point it was estimated that both cars were traveling at approximately 40 miles per hour. When the automobiles were about 50 feet apart the right wheels of the Gruneisen car left the paved portion of the highway. The car continued for a short distance with its right wheels on the shoulder of the road, then suddenly shot across in front of the Gruber car at a point opposite the easterly end of the service station driveway. The collision which occurred resulted in the death of both Mrs. Gruneisen and her son.
Testimony from the State’s maintenance crew, whose duty it was to patrol and repair this highway, revealed that traffic along the road together with the extensive use of the service station driveway caused constant wear on the shoulders in this area. Furthermore, during the first 12 days of August, it had rained at least part of every day and the presence of water along the highway had a washing-down effect on these shoulders. The record further discloses that throughout this particular stretch of highway continual repair was necessary to maintain the shoulders in a safe condition. In spite of these facts, however, the shoulders in this area had gone untouched from early July, 1954 until after this accident. The shoulder on the southerly edge of the highway, along the service station driveway, was from four to six inches lower than the macadam surface. This was without question a dangerous condition which the State allowed to exist. It must follow, therefore, that the State had knowledge of these facts. (Goodwin v. State of New York, 274 App. Div. 824, affd. 298 N. Y. 873; Taylor v. State of New York, 262 App. Div. 657, affd. 288 N. Y. 542; Welker v. State of New York, 284 App. Div. 996; Schill *376 v. State of New York, 258 App. Div. 769; Buffington v. State of New York, 2 Misc 2d 496.)
The State has attempted to prove contributory negligence on the part of the deceased, Anne M. Gruneisen. Some contention was made that no emergency was created and therefore a careful and prudent driver need not travel upon the shoulder of the road. The State further contends that assuming an emergency did exist Mrs. Gruneisen was negligent in attempting to pull her car back upon the paved portion of the highway when she could have safely brought her car to a stop or continued along the shoulder until the oncoming traffic had passed.
The evidence does not support these contentions. Certainly an emergency exists when an automobile approaches from the opposite direction in the wrong lane. It is reasonable to assume that Mrs. Gruneisen felt such an emergency existed and had every right to use the shoulder. The testimony of the State employees leaves no room for argument on this point. The emergency had not yet passed when Mrs. Gruneisen attempted to regain the paved portion of the highway and no contributory negligence can be found under the circumstances herein which the record clearly indicates. In Goodwin v. State of New York (supra, p. 825) where there were similar circumstances, the court said: “ The claimant was traveling at a moderate rate of speed, and although she observed the oncoming automobiles, she had no reason to anticipate that one would attempt to pass the other. It was this circumstance which forced claimant to drive upon the shoulder, and whether she knew of its dangerous condition at this particular point or not, in the face of the emergency with which she was confronted, she can scarcely be criticized for failure to apply her brakes in the moment or two which intervened before her car went out of control. It may possibly be true that the accident could have been avoided had claimant elected to turn into the adjacent field, rather than attempt to return to the highway, but at best, such a suggestion is based on hindsight rather than foresight. In any event, bearing in mind the emergency which existed, claimant cannot be held to have acted other than in a careful and prudent manner in attempting to return to the highway from which she had been forced.”
With this the court agrees and feels the State has failed to establish contributory negligence on the part of Anne M. Gruneisen.
While there is no direct testimony explaining the reason Anne M. Gruneisen lost control of her car, it appears from all of the circumstances, the facts preceding the accident, the *377 manner in whic-h others observed her operate the car, and the ring of macadam markings around the inward side of the right front tire, that one of the contributing causes of the accident was the hazardous condition of the shoulder of the highway and the failure of the State to give adequate warning of this condition. The court feels that this is a reasonable inference from which a logical conclusion can be reached. (Le Boeuf v. State of New York, 169 Misc. 372, affd. 256 App. Div. 798, affd. 281 N. Y. 737; Wolf v. State of New York, 122 Misc. 381, affd. 210 App. Div. 827.)
An award is made in an accompanying decision.
decision
Fred A. Young, J. The above-entitled and numbered claims having come on for trial at a Special Term of the Court of Claims held at the Essex County courthouse, Elizabethtown, New York, on the 16th and 17th days of September, 1957, before the Honorable Fred A. Young, one of the Judges of said court; and the claimants having appeared by MacFarlane, Harris, Dankoff & Martin, Esqs., their attorneys, with Harold R. Soden, Esq., of counsel; and the State of New York having appeared by the Honorable Louis J. Lefkowitz, Attorney-General, Andrew J. McGarraghy, Esq., and Harold S. Coyne, Esq., Assistant Attorneys-General, of counsel; and the court having heard the proofs of the parties and the arguments of counsel, and the cases having been finally submitted to the court, and due deliberation having been had, the court now finds and decides as follows:
FINDINGS OF FACT
1. Adopts the several requests to find submitted by the claimants which are marked found and initialed by the court.
2. Adopts the several requests to find submitted by the State which are marked found and initialed by the court.
3. Refuses the several requests to find submitted by the claimants which are marked refused and initialed by the court.
4. Refuses the several requests to find submitted by the State which are marked refused and initialed by the court.
5. The several requests to find and conclusions of law submitted by the claimants and the State which are marked refused except as found are so marked because each thereof is only partly correct or so worded that an interpretation thereof or implication therefrom would convey an erroneous impression.
And the court makes the following additional findings of fact:
*378 6. The State was negligent in the maintenance of the road in that the dropoff or depression was a danger and a hazard to traffic and that uncontradicted testimony reveals that the State had actual notice thereof; the State, therefore, is charged with notice of the dangerous condition in the difference of the level between the edge of the road and the shoulder and the court feels that insufficient warning was given of this dangerous condition. (Canepa v. State of New York, 306 N. Y. 272; Ziehm v. State of New York, 270 App. Div. 876; Le Boeuf v. State of New York, 169 Misc. 372, affd. 256 App. Div. 798, affd. 281 N. Y. 737; McDevitt v. State of New York, 1 N Y 2d 540.)
7. The burden of proving contributory negligence on the part of the driver, Anne M. Gruneisen, was upon the State and this the State failed to do and the court finds that both claimants were free of contributory negligence.
8. After this claim arose, on June 30, 1956, claimant, Widmer S. Gruneisen, remarried.
9. The claimant, Widmer S. Gruneisen, as limited administrator of the goods, chattels and credits of Anne M. Gruneisen, is entitled to the sum of $17,500 for all damages, plus $1,089.15 for funeral expenses, making a total of $18,589.15, less the sum of $5,000 which must be subtracted therefrom (the sum received from the joint tort-feasors with the State), leaving a sum of $13,589.15 for which claimant is entitled to judgment with interest from August 12, 1954.
10. The claimant, Widmer S. Gruneisen, as limited administrator of the goods, chattels and credits of Thomas Gruneisen, is entitled to the sum of $6,500 for all damages, plus $663.59 for funeral expenses, making a total of $7,163.59, less the sum of $2,500 which must be subtracted therefrom (the sum received from the joint tort-feasors with the State), leaving a sum of $4,663.59 for which claimant is entitled to judgment with interest from August 12, 1954.
And the court makes the following additional conclusions of law:
I. The above-entitled and numbered claims have been duly filed and have not been assigned or submitted to any other officer or tribunal for audit or determination.
11. The accident and resulting deaths of Anne M. Gruneisen and Thomas Gruneisen were contributed to by the negligence of the State of New York, its agents, servants and employees, without any negligence on the part of Anne M. Gruneisen or Thomas Gruneisen contributing thereto.
TTT. Claimant, Widmer S. Gruneisen, as limited administrator of the goods, chattels and credits of Anne M. Gruneisen, is *379 entitled to a judgment against the State of New York in the sum of $13,589.15 with interest from August 12, 1954.
IV. Claimant, Widmer S. G-runeisen, as limited administrator of the goods, chattels and credits of Thomas Gruneisen, is entitled to a judgment against the State of New York in the sum of $4,663.59 with interest from August 12, 1954.
Let separate judgments be entered accordingly.