Charles T. Major, J.
These claims were filed to recover damages sustained by claimants alleged to have been caused by the negligence of the State of New York, due to improper maintenance of State Highway Route 57.
On December 25, 1956, between 9:30 a.m. and 10:00 a.m., claimants were proceeding southerly in the west lane along Route 57 *225 in Louis Eckerlin’s Plymouth automobile driven by his wife, Ruth Eckerlin. When claimants were about four miles south of Fulton, Ruth Eckerlin saw a black car about 200 feet away, coming from the opposite direction on the easterly lane. She testified that she observed the front wheel of this approaching car drop off the pavement onto the shoulder when it was about 75 feet ahead of her car, and that its speed neither increased nor decreased while on the shoulder. Then the car darted across the road in front of her car and a collision ensued. The black car was owned by one Thomas Martin Garrett, who was driving alone and died as a result of this accident. There is a difference in the testimony as to how far the Garrett car travelled on the shoulder. Claimants’ witness Langdon claims that when he first saw the car it was already on the shoulder and travelled about 200 feet along the easterly shoulder before it veered back to the pavement. The State’s investigator, John M. Kane testified that Langdon indicated to him the point at which he first observed the Garrett car on the east shoulder and immediately thereafter Kane paced the distance between the point indicated and the point where the two vehicles came into contact, and found the distance to be 115 paces. At three feet to a pace, would make it 345 feet.
Mrs. Eckerlin stated that both cars were traveling at about 35 miles per hour, but the extensive physical damages and personal injuries indicate a much greater speed on the part of one or both cars. At the time of the accident, light snow was falling and melting as it fell on the highway. The road was wet. The surface of the 21-foot macadam pavement was in good condition and there were no holes or defects at the place where the Garrett car went off or came back onto the highway. In the area of the accident, the shoulder was seven feet wide and consisted of part gravel and part grass. At the point where the car returned to the pavement, there was a three-inch drop-off from the top of the pavement to the shoulder which was caused by erosion. The eroded area was present for four or five days before this accident as seen by Trooper Rogers, but there is no evidence that he reported it to anyone; therefore, it is not notice to the State. At one spot, the edge of the pavement was broken or worn and indented about three inches at the top, which tapered back to about one inch to one and one-half inches.
The maintenance crew did some repair work at this location on the day before the accident, but it does not appear that the area where the Garrett car returned to the highway was or was not repaired. There is no evidence as to the reason why *226 Garrett drove his car onto the shoulder. There was no obstruction or oncoming car on his lane. There was no emergency entitling him to use, or forcing him onto the shoulder.
The State does not owe to users of its highways the duty of so constructing and maintaining the shoulders that they may be used for general travel. (O’Brien v. State of New York, 263 App. Div. 746, appeal dismissed 289 N. Y. 676.) The State owes the duty of so constructing and maintaining the shoulders that they are in a reasonably safe condition for use by the prudent driver traveling at a reasonable speed in an emergency. (Taylor v. State of New York, 262 App. Div. 657, affd. 288 N. Y. 542; Russell v. State of New York, 268 App. Div. 585.)
It is common knowledge that most macadam highways are more slippery when wet than when dry. The fact that it was slippery from rain alone is not enough — there must be some defect, obstruction, or other reason within the State’s control to hold it liable. Negligence cannot be inferred from the fact that the car skidded or that the accident happened. (Wesley v. State of New York, 272 App. Div. 990; Lahr v. Tirrill, 274 N. Y. 112, 117; Galbraith v. Busch, 267 N. Y. 230.) There is no evidence to show what caused Garrett to leave the pavement. The fact that a Mr. Rodgers had an accident at the same place four or five days before the date of this accident is of no help to claimants in the absence of proof as to the cause thereof. (Gastel v. City of New York, 194 N. Y. 15.)
The burden of proof to show negligence on the part of the State which was a proximate cause of this accident is upon the claimants. (Fey v. State of New York, 207 Misc. 559, affd. 1 AD 2d 930.) Claimants have failed to do so. The court finds the State chargeable with no negligence which was a proximate cause of this accident, and both claims herein must be and are dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let separate judgments be entered accordingly.