John H. Cooke, J.
Claimant, during the evening hours on August 6, 1956 was driving alone in an automobile owned by her, in an easterly direction from Lockport toward Medina on a two-lane State highway known as Route 31 (also known as State Highway No. 5561). Claimant further alleges that it was drizzling at the time and the highway was damp. Claimant alleges that she was proceeding toward Plastimold, Inc., traveling at about 40 miles per hour, when she approached one automobile, accelerated her speed to 45-to-50 miles per hour in order to pass, and then returned to her proper lane. A short distance later, she again overtook another automobile and again accelerated her speed to 45-to-50 miles per hour in order to pass, but, in pulling into the opposite lane, claimant contends her automobile encountered what she described as a muddy road surface, causing her to skid off the highway, across the shoulder, spinning *659 her vehicle into a tree, causing the property damage and injuries for which she seeks recovery against the State of New York.
During the month of May, 1956, some three months prior to the accident, Plastimold, Inc., had commenced construction of a one-story cement block and brick building on Boute 31 in the vicinity of the accident. The location of the building is west of Middleport in Niagara County in an area where Boute 31 is a straight highway and where there are no curves, hills or variation of elevation. There was, however, a temporary driveway constructed for construction materials and construction workers to gain access to the construction site.
Claimant contends she should recover on either of two causes of action: (1) negligence, alleging the State’s failure to maintain the highway in a reasonably safe condition, and (2) on the basis that the State had permitted a nuisance to exist in the mud accumulation on the highway.
Claimant previously brought suit in the Supreme Court, which action resulted in a release of her claim against other parties, which excepted and reserved, however, her claim against the State of New York. The claim against the State of New York, duly filed, has not been assigned or submitted to any other court or tribunal for audit or determination.
In considering the two causes for action against the State, a discussion of nuisance is relevant, since, if there be nuisance, then proof of freedom from contributory negligence is not essential to enable recovery.
In McFarlane v. City of Niagara Falls (247 N. Y. 340, 344) Chief Judge Cabdozo stated: “Not a little confusion runs through the reports as to the effect of contributory negligence upon liability for nuisance. Statements appropriate enough in their application to nuisances of one class have been thoughtlessly transferred to nuisances of another. There has been forgetfulness at times that the forms of actions have been abolished, and that liability is dependent upon the facts and not upon the name. Confining ourselves now to the necessities of the case before us, we hold that whenever a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance (Junkerman v. Tilyou Realty Co., 213 N. Y. 404, 408; Uggla v. Brokaw, 117 App. Div. 586, 591; Lusk v. Peck, 132 App. Div. 426, 432; 199 N. Y. 546 ; Hartman v. Lowenstein, App. Term, 90 Misc. Rep. 686, 689).”
Becovery, if any, in this ease must therefore be based on negligence. In order to recover, however, claimant has the burden of proof and must prove (1) negligence of the State, *660 (2) notice to the State, and (3) freedom from contributory negligence.
Claimant relied, in her proof, on constructive notice, by the testimony of witnesses who had travelled Route 31 prior to the accident, but yet their testimony varied as to whether the condition described by her existed. Assuming, without deciding, that the condition existed, the court finds that the operation of claimant’s vehicle, by claimant, contributed to the accident and was the proximate cause of the accident. Although it is the duty of the State to exercise reasonable care in the construction and maintenance of its highway, the State is not responsible for the actions of users of the highway (Fey v. State of New York, 207 Misc. 559; Laitenberger v. State of New York, 190 Misc. 633).
Claimant testified as to the weather conditions, her speed, and passing vehicles on the highway. The court finds her negligent operation was the proximate cause of the accident and that there is a failure of proof that the State of New York was negligent in the instant case.
Upon all the evidence, the claim herein must be and hereby is dismissed.
The findings of fact and conclusions of law filed by the parties hereto have been marked and signed and they constitute a part of the decision.